In the Matter of the Accounting of HENRY C. ACKERMAN, as General Guardian, etc.

*It seems* a step-father is under no legal obligation to maintain his step-daughter.

*It seems,* also, that a general guardian of the step-daughter has a legal right to contract with the step-father for her support, and on settlement of his accounts, the guardian is entitled to be allowed such reasonable sum as has been in good faith paid by him for that purpose

(Submitted June 26, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made at the June Term, 1886, which affirmed a decree of the surrogate of the county of Wayne, on settlement of the accounts of Henry C. Ackerman, as general guardian of Prudence L. York.

In the accounts said guardian charged his ward with moneys paid for her board. The surrogate found that " nothing, in fact, was ever paid " by the guardian for board.

The court here say that, as this finding was affirmed by the General Term and " as the case was not wholly without evidence to sustain" such findings, its correctness could not be questioned here, citing *Hewlett* v. *Elmer* (103 N. Y. 156).

It appeared that the ward lived in the family of her step-father, Charles S. Ackerman, who was the father of the guardian.

The following is an extract from the opinion:

" The contention of the appellant that Charlse S. Ackerman rested under no legal obligation to maintain his step-daughter, Prudence L. York cannot be gainsayed. ( *Williams* v. *Hutchinson*, 3 N. Y. 312.) Neither can it be questioned but that the general guardian had the legal right to have contracted with the step-father for the support and maintenance of his ward, and that such reasonable sum as should have been in good faith paid for that purpose would have been allowed upon the final judicial settlement of the accounts of the general guardian. (*Hill* v. *Hanford*, 11 Hun, 536.) But

that rule cannot be made available to the appellant for a reversal in this case."

*T. W. Collins* for appellant.

*J. W. Dunwell* for respondent.

PARKER, J., reads for affirmance.

All concur, except BRADLEY and HAIGHT, JJ., not sitting, and VANN, J., not voting.

Judgment affirmed.