(61 App. Div. 96.)

## WOOD v. WOOD.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1901.)

1. DIVORCE—ALIMONY—SUPPORT OF STEPSON.
    An award of alimony to plaintiff in divorce, including an allowance for the support and maintenance of the son of her husband by a former marriage, is void.

2. SAME.
    Under Code Civ. Proc. § 1769, the power conferred on the court to require the husband to provide for the support of his child before final judgment in divorce is limited to the issue of the marriage.

3. SAME—CUSTODY OF CHILD.
    Where application for alimony in divorce did not apprise defendant that an order would be asked for committing the custody of his son to the child's grandfather, who was not a party to the proceeding, such order was unauthorized.

4. SAME—APPEAL.
    An order for alimony, and committing child of defendant to the custody of his grandfather, with permission to the father to visit the son weekly, being unauthorized, the fact that the father visited him did not estop him from disputing the validity of the order on appeal.

Appeal from special term, Monroe county.

Action by Amelia F. Wood against Frank S. Wood for divorce. From an order awarding plaintiff counsel fees and alimony for herself and stepson, and awarding the custody of the latter to the grandfather, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

George M. Williams, for appellant.
Milton E. Gibbs, for respondent.

LAUGHLIN, J. This is an action for a divorce. Plaintiff, in her complaint, prayed for the custody of her stepson, Franklin M. Wood, now 7 years old, the child of defendant by a former marriage. It appears that, at the time the parties separated, plaintiff excluded defendant from his house, and retained the child. Defendant subsequently applied to the supreme court for a writ of habeas corpus to regain possession of his son. The writ was made returnable on the 16th day of February, 1901. In the meantime plaintiff made a motion for counsel fees and alimony, with the general prayer for further relief. This motion was returnable on the 9th day of February, 1901, at which time it was heard and decided. The order entered upon the decision of such motion required defendant to pay to plaintiff or her counsel $50 counsel fees, and that he pay plaintiff during the pendency of this action $10 per week from the 1st day of February, 1901, "for her support and that of the child, Franklin M. Wood"; and the order further directed that said child should remain in the custody of Charles C. Myer, his grandfather, with the privilege to defendant of seeing his son at a certain hour each Sunday afternoon until the further order of the court. Pending the habeas corpus proceeding, plaintiff had delivered the custody of the child to said Myer. Upon the motion, defendant requested the court to grant an order of reference on the question as to whether he had made suitable provision for the support and maintenance of plaintiff during the pendency of the action, and as to whether she had sufficient means to carry on the litigation. The order also denied such requests. The allegations in the complaint charging acts of infidelity on the part of the defendant are all upon information and belief, and they are denied by the answer. In her moving papers, plaintiff presents no competent proof in support of these charges against her husband. Her own affidavit contains many general charges, and a few specific charges,—all, however, made upon information and belief; and neither the sources of her information nor the grounds of her belief are stated. Her evidence would not be competent to prove the adultery. Other affidavits presented by her contained some damaging charges in general language, in the nature of conclusions of law, rather than statements of fact. All of these charges are denied by defendant and by one of the co-respondents. It is very doubtful whether the plaintiff presents a prima facie case warranting the conclusion that there is any probability or reasonable ground for believing that she will be able to offer any competent evidence in support of the charges or to succeed in the action, so as to authorize the court to award alimony and counsel fees pendente lite. Downing v. Downing, 23 App. Div. 559, 48 N. Y. Supp. 727; Nels. Div. § 854; Jones v. Jones, 2 Barb. Ch. 146; Moriarty v. Moriarty, 58 N. Y. Super. Ct. 279, 10 N. Y. Supp. 228; Bissell v. Bissell, 1 Barb. 430; Monk v. Monk, 7 Rob. 153; Osgood v. Osgood, 2 Paige, 621; Lewis v. Lewis, 3 Johns. Ch. 219; Kennedy v. Kennedy, 73 N. Y. 369; Brinkley v. Brinkley, 50 N. Y. 184; Collins v. Collins, 71 N. Y. 269, 276; Kock v. Kock, 42 Barb. 515. But, as the award

of alimony embraces an allowance for the support and maintenance of the child, it cannot stand. Plaintiff is under no obligation to support her stepchild, nor is she entitled to his custody. In re Ackerman, 116 N. Y. 654, 22 N. E. 552; Bartley v. Richtmyer, 4 N. Y. 38; Williams v. Hutchinson, 3 N. Y. 312. The court has no inherent power to grant divorces or bills of separation, and can exercise only such authority on that subject as is conferred by the legislature. Davis v. Davis, 75 N. Y. 221, 227; Erkenbrach v. Erkenbrach, 96 N. Y. 463; Peugnet v. Phelps, 48 Barb. 567. It is otherwise in actions to annul a marriage, for in those cases the court has inherent jurisdiction. Griffin v. Griffin, 47 N. Y. 134; Higgins v. Sharp, 164 N. Y. 4, 58 N. E. 9. The statutory authority conferred upon the court in actions for divorce or separation to require the husband to provide for the support of his children before final judgment is limited to the issue of the marriage (Code Civ. Proc. § 1769), and the authority of the court conferred by statute to provide by order or judgment for the custody and future support of children in such action is likewise limited (Code Civ. Proc. § 1771).

We are also of opinion that the court was not authorized to award the custody of the child to his grandfather, who was not a party to the proceeding. The moving papers did not apprise defendant of the application for such an order, and it does not appear that he consented to the order, or otherwise waived any right in the premises. The supreme court, under its general chancery jurisdiction over infants, may, in a proper case, take them from their parents and deliver them to an institution or to a stranger, and may, when the interest of the children requires this to be done, restore them to either or both of the parents; but this power must be invoked by petition, or by an application for a writ of habeas corpus, and upon notice. People v. Moss, 6 App. Div. 414, 39 N. Y. Supp. 690; In re Knowack, 158 N. Y. 482, 53 N. E. 676; Davis v. Davis, 75 N. Y. 221; People v. Walts, 122 N. Y. 238, 25 N. E. 266; In re Welch, 74 N. Y. 299; Wilcox v. Wilcox, 14 N. Y. 575; People v. Erbert, 17 Abb. Prac. 395.

Plaintiff's motion to dismiss the appeal upon the ground that defendant accepted the benefits of the order, in that he visited his child at the times permitted thereunder, is without merit. He had the absolute right to visit his child, without the permission of the court.

These views lead to the conclusion that the order appealed from should be reversed, without prejudice to plaintiff's right to renew the application for counsel fees and alimony. All concur.