VIRGINIA MONTAYRE, Plaintiff, *v.* FLORENTINO MONTAYRE, Defendant.

Supreme Court, Kings County, August 21, 1940.

*Louis A. Feinstein*, for the plaintiff.

*Florentino Montayre*, defendant in person.

FENNELLY, J. There is no common-law obligation for a stepfather to support stepchildren. (*Matter of Ackerman*, 116 N. Y. 654.) The statutory authority conferred upon the court in actions for divorce or separation to require the husband to provide for the support of his *children before* final judgment is limited to the issue of the marriage. (Civ. Prac. Act, § 1169; *Wood* v. *Wood*, 61 App. Div. 96, 99.) This has not been changed by section 125 of the

Public Welfare Law, which provides that stepparents shall be responsible for the support of minor stepchildren providing the child is a recipient of public relief or liable to become in need of public relief; nor is it changed by subdivision 5 of section 101 of the Domestic Relations Court Act, which provides that the stepparent of a child is legally chargeable with the support of a stepchild who is likely to become a public charge, etc.

This motion for alimony and counsel fee is granted to the extent of providing ten dollars weekly alimony to the plaintiff, commencing August 1, 1940, and one hundred dollars counsel fee, payable fifty dollars within twenty days after the service of a certified copy of the order to be entered hereon and fifty dollars when the case is reached for trial. For the reasons given heretofore, the court did not take into consideration the four minor stepchildren in granting the alimony allowed.