" Tillie Santora ", Petitioner, *v.* " Joseph Santora ", Respondent.*

Domestic Relations Court of the City of New York, Family Court, New York County, July 3, 1950.

*H. Catenaccio* for petitioner.

*Victor Romano* for respondent.

Sicher, J. There is presented a novel phase of the recurrent problem of the relations between Supreme Court matrimonial actions and Family Court support proceedings — still another illustration of New York City's need for a single, comprehensive Domestic Relations Court, truly answering that name, of gen-

* The opinion as filed sets forth the true names of all parties but as here published substitutes fictitious names and disguises certain other details, in consonance with the spirit of section 52 of the Domestic Relations Court Act of the City of New York (L. 1933, ch. 482).

eral jurisdiction over all justiciable matters concerning family and child welfare. (See article, N. Y. L. J., Sept. 19, 1949, p. 520, col. 1; Bar Bulletin of N. Y. Co. Lawyers Assn., January, 1950, and Virginia Law Weekly, March 9 and 16, 1950.)

On December 21, 1948, Justice LANZETTA entered an order directing respondent to pay into this court $32 a week for support of petitioner-wife and a stepchild, born December 7, 1936, of whose existence respondent knew at the time of the May 23, 1942, marriage of the parties.

On February 24, 1949, Justice DELANY modified that order to $27 a week plus $3 a week on account of then arrears.

Shortly afterwards respondent instituted in the Supreme Court, New York County, an action for annulment; petitioner counterclaimed therein for separation, and was granted a *pendente lite* order for counsel fees and alimony of $25 a week. Such procurement of a Supreme Court *pendente lite* alimony order might have been declared an election of that forum by petitioner and the proceeding in this court consequently marked " Reserved Generally " pursuant to paragraph (3) of subdivision (a) of rule XXIV of the Rules of Practice of the Domestic Relations Court of the City of New York, Family Court Division (see *Nazarian* v. *Nazarian,* 276 App. Div. 956, citing " *Varney* " v. " *Varney* ", 178 Misc. 165; Bender's Court Rules [1947 ed.], pp. 371–372), except, perhaps, for a modified, small order for support of the stepchild.

However, on June 16, 1949, Justice LEVY ordered a continuance of the Family Court jurisdiction in the following terms: " In view of the fact that there is an order in the Supreme Court directing the respondent to pay $25 a week, this Court, desiring to respect the comity of jurisdiction, will modify its order to $25 a week. In the payment of $25 a week, $5 a week is to be credited toward the arrears of $130. After arrears have been thus paid, the order will stand at $25 a week, subject to any modification that will be made in the Supreme Court, in the action pending there for annulment. Next payment due June 17, 1949, payable through the Court."

No appeal was taken from that last-described order, which thereby became the " law of the case "; and it was accordingly enforced by Justice POLIER on September 19, 1949, as follows: " Arrears, $140. Order $20 a week continued, plus $10 a week on arrears until December 16, 1949, when the order automatically increases to $25 a week (see decision of Justice Levy, 6/16/49). Cash bond $200 or three months in Workhouse.

Bond stayed to September 23, 1949, 10. A.M. and succeeding Fridays for six months so long as order paid in full."

There were no further hearings in this court until after and because of the May 16, 1950, entry of a Supreme Court judgment dismissing the annulment action complaint on the merits after a trial.

Such judgment of dismissal also recites that the "counterclaim for separation on the ground of non-support of defendant by plaintiff * * * was withdrawn upon the consent on the record by plaintiff to pay defendant the sum of $22.50 a week commencing May 12th, 1950 for her support", and it concludes: " Ordered, Adjudged and Decreed that plaintiff pay to defendant the sum of $22.50 a week commencing May 12th, 1950, for her support and maintenance, there being no issue of the marriage."

That judgment is a final and binding adjudication that the parties are still husband and wife; and it restores and confirms the *status quo ante* of the Family Court proceeding, unless the legal effect of the above-quoted concluding provision of the Supreme Court judgment is the superseding of the Family Court jurisdiction for petitioner's support, subject to the requirement of a new petition, under subdivision 2 of section 137 of the Domestic Relations Court Act of the City of New York, when and if respondent fail to comply with that Supreme Court direction.

Petitioner urges, and respondent does not oppose, that the Family Court has not been so ousted of jurisdiction.

After personal research and communicating with the Supreme Court Justice who tried the annulment action I have concluded that under the particular circumstances the Family Court still has jurisdiction, and should continue to exercise it.

That conclusion rests upon the following grounds: (1) The May 16, 1950, judgment is effectual only as an adjudication that the parties are still husband and wife; the provision therein for payment of $22.50 per week for the support of the wife is void for *lack of subject-matter jurisdiction*.

The matrimonial jurisdiction of the Supreme Court is wholly statutory (*Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456; *Johnson* v. *Johnson,* 206 N. Y. 561; *Caldwell* v. *Caldwell,* 298 N. Y. 146, 152). It has power to order support *solely* as an incident to an action for divorce, separation or annulment, (*Matter of Bedrick* v. *Bedrick,* 151 Misc. 4, affd. 241 App. Div. 807; see, also, *Moen* v. *Thompson,* 186 Misc. 647; *Snyder* v. *Snyder,* 72

N. Y. S. 2d 881, 883; " *Mooney* " v. " *Mooney* ", 187 Misc. 789; *Helman* v. *Helman,* 190 Misc. 991; " *Kaplan* " v. " *Kaplan* ", 197 Misc. 687 [LORENCE, J.], and " *Fitzgerald* " v. " *Fitzgerald* ", 65 N. Y. S. 2d 285, 286 [DELANY, J.]); even in a habeas corpus child custody proceeding the Supreme Court lacks power to order support. (See *People ex rel. MacAlpine* v. *MacAlpine,* 50 N. Y. S. 2d 232, and cases therein cited, affd. 267 App. Div. 952, and *People ex rel. Geismar* v. *Geismar,* 184 Misc. 897, 911.)

The Supreme Court could, and properly did, order support *pendente lite* in respondent's annulment action (Civ. Prac. Act, § 1169), and it could have included a provision for the wife's support in the final judgment if that had granted, and not denied, to the husband an annulment or had sustained the wife's counterclaim for a judgment of separation. But as the husband's annulment complaint was dismissed and the wife's counterclaim withdrawn, and the absence of issue of the marriage makes inapplicable the provisions of section 1170-a of the Civil Practice Act for child custody and maintenance upon dismissal of a separation action complaint, said $22.50 per week provision for the wife's support is wholly without subject-matter jurisdiction and is therefore nugatory.

(2) Since there is no common-law obligation for the support of a stepchild (*Matter of Ackerman,* 116 N. Y. 654; *Montayre* v. *Montayre,* 175 Misc. 202), the Supreme Court judgment makes, and could make, no provision for respondent's stepchild, whereas the Family Court order includes support for that stepchild as a statutory obligation created by subdivision 5 of section 92 and subdivision (5) of section 101 of the Domestic Relations Court Act of the City of New York.

For the foregoing reasons it is hereby held that the Family Court has not been ousted of jurisdiction.

This opinion is an amplification of the decision to the same effect orally rendered at the close of a June 27, 1950, hearing.

Upon the evidence presented at that hearing the order of this court was then modified (temporarily) to $16 a week, beginning June 30, 1950; the arrears fixed, on consent, at $175 and held in abeyance; there was ordered a physical examination of both parties; and the matter adjourned to August 15, 1950, for a review by me of the then factual situation.

Notice shall be given to the parties pursuant to the subjoined direction.