REBECCA C. PEAKE, Petitioner, *v.* DAVID PEAKE, Respondent.

Domestic Relations Court of the City of New York, Family Court, Kings County, March 8, 1954.

*Adrian P. Burke, Corporation Counsel* (*Janet Lewin* of counsel), for petitioner.

*Edward Bobick* for respondent.

PANKEN, J. Subdivision 5 of section 101 of the Domestic Relations Court Act reads, '' The step parent of a child is hereby declared legally chargeable with the support of a step child likely to become a public charge provided it is shown to the satisfaction of the court that such step parent had knowledge of the child's existence at the time of said step parent's marriage.'' The testimony submitted in this case shows clearly that the mother of the child was duly and legally married to the respondent herein; that the respondent knew of the existence of the child at the time he married the mother. The application here is made on behalf of the child hereinabove referred to. There has been no proof submitted to the court that the child is likely to become a public charge, but whether the child is likely to become a public charge or not is not the question to be passed upon by the court in this proceeding.

The marriage between the mother and the respondent has been terminated by a divorce decree. The relationship of husband and wife between the respondent and the mother of the child has been ended by a decree issuing out of a court having jurisdiction.

Is the erstwhile stepfather chargeable with the support of his erstwhile stepchild? That is the question to be decided.

The undisputed facts are that Rebecca married David Peake in the month of March, 1943, in Baton Rouge, Louisiana; that at the time David married Rebecca he was advised and knew of the existence of the child, the mother of whom was his prospective wife; that subsequent to the marriage of the petitioning mother and the respondent, the child lived in the household set up after the marriage. In or about May, 1953, as a result of a proceeding brought by David Peake against Rebecca Cavin Peake, his wife then, a decree was entered in the Supreme Court, New York County, dissolving the marriage then existing between the parties, and thus the marital relationship came to an end, as provided in the decree entered on or about the 19th

day of February, 1953, and which decree became final three months thereafter.

Subdivision 5 of section 101 of the Domestic Relations Court Act heretofore referred to, makes a stepfather chargeable for the support of his stepchild if at the time he married the mother of the child he knew of his existence. That, it seems to me, is good law and good sense too. The mother of the child surrenders some rights and possibly possibilities of employment to enable her to provide for her child. That being so, the law responsive to what is right, imposes an obligation to support a stepchild by the husband. That obligation continues as long as the relationship exists between stepfather and mother. It ceases and comes to an end when that relationship is terminated and the erstwhile spouse of the child's mother is no longer her husband. It continues only as long as he is the stepfather. It would seem to me that a stepfather would be charged with the support of his stepchild if the marital relationship between the stepfather and the mother of the child was terminated by the demise of the mother. The law is otherwise where the relationship is terminated by a divorce decree and the mother is still alive.

There is no case directly passing upon the problem submitted to me. This court has found and so expressed itself, that under subdivision (1) of section 91 of the Domestic Relations Court Act no order can be made against an erstwhile husband for the support of an ex-wife. This court has no equity jurisdiction.

It was held in *Wood* v. *Wood* (61 App. Div. 96) that statutory authority in divorce proceedings or actions for separation may require the husband, whose relationship to the mother may be terminated by a decree of the court, to provide for the support of his children before final judgment and after final judgment, but it is limited to the issue of the marriage. In the matter before me, the child is not such issue.

Under section 137 of the Domestic Relations Court Act, where a decree of separation is entered between husband and wife and no award or inadequate award is made for the support of the wife in such decree, the Domestic Relations Court upon seeing that the wife is or is likely to become a public charge, may require the husband to contribute to the support of his wife so that the community might be held free and harmless.

The Supreme Court in Kings County, by FENNELLY, J., in the case of *Montayre* v. *Montayre* (175 Misc. 202), held: " The statutory authority conferred upon the court in actions for

divorce or separation to require the husband to provide for the support of his children before final judgment is limited to the issue of the marriage." Citing *Wood v. Wood* (*supra,* p. 203), the court further says, " nor is it changed by subdivision 5 of section 101 of the Domestic Relations Court Act, which provides that the stepparent of a child is legally chargeable with the support of a stepchild * * * etc." Indeed, a stepparent is chargeable with the support of a stepchild as long as he is the stepparent. When that relationship is terminated by a decree of divorce from the mother of the child, his obligation ends.

On the law and on the facts the responsibility for the support of the stepchild herein has ended and terminated upon the final decree of divorce between the mother and the stepfather.