In the Matter of ELLEN COLLIER, Respondent, v. GEORGE COLLIER, Appellant.— In a proceeding to compel a husband to support his wife, the husband appeals from so much of an order of the former Domestic Relations Court of the City of New York, Family Court Division, Queens County, dated May 28, 1962: (a) as denied his renewed application to suspend a prior order of that court dated April 20, 1960, pursuant to which he was required to pay $30 weekly for the support of his wife; and (b) as set the case down for hearing with respect to the change of circumstances which occurred after the making of such prior order. Order, insofar as appealed from, reversed on the law, without costs; renewed application to suspend the prior support order of April 20, 1960 granted; and such order suspended, without prejudice, however, to an application by or on behalf of the wife for support upon the ground either that the circumstances of the parties have changed or that the wife is likely to become in need of public assistance or care. (Family Court Act, § 465; Domestic Relations Court Act, § 137, subd. 4.) The findings of fact of the court below have not been affirmed or considered. The prior support order was superseded either by an order of the Supreme Court, Kings County, in a separation action subsequently brought by the wife awarding her temporary alimony, which order is mentioned without specification in the record, or by the judgment of that court entered March 8, 1962 which dismissed the complaint and the counterclaim and expressly denied permanent alimony to the wife (*Nazarian* v. *Nazarian,* 276 App. Div. 956; "*Varney*" v. "*Varney*", 178 Misc. 165; see, also, "*Santora*" v. "*Santora*", 199 Misc. 335; "*Horner*" v. "*Horner*", 184 Misc. 989, 993; "*Primavera*" v. "*Primavera*", 195 Misc. 942). Hence, the support order should

have been vacated forthwith on the husband's application. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.