JANE Z. RODOE, Respondent, *v.* JOHN A. NONEUS, Appellant.

Fourth Department, May 20, 1965.

*Kenneth E. Page* for appellant.

*Leroy Natanson* for respondent.

*Per Curiam.* There have been so many irregularities in these proceedings that the paternity order and provision for support of the child must be reversed. This determination is made without reaching the question of weight and quality of the proof. At the threshold of the proceedings there was a fundamental jurisdictional error in the manner of its commencement which requires a dismissal of the petition, without consideration of the merits. Service of the summons and petition was made by mailing them to respondent-appellant. There was no proof of their delivery but more significantly there is no proof that any effort had been made to consummate personal service as required by section 525 of the Family Court Act. Prior to his appearance and to the service of his answer, appellant moved for an order vacating the service on the ground of noncompliance with section 525. The Deputy Clerk of the Family Court testified that it was standard practice to serve the summons and petition by mail, and if the respondent did not appear on the return date, the usual procedure was to issue a warrant for his arrest. If this is the present practice of the Onondaga Family Court, it should be changed immediately to comply with section 525. We recognize that subdivision (b) provides for substituted service under certain circumstances, but this record is barren of any proof which would justify substituted service. Petitioner-respondent testified that she knew where appellant lived at the time of the service by mail and that she had informed the Deputy Clerk of his Albany address.

Appellant's motion to vacate the service was summarily denied. On several occasions during the hearing the motion was renewed and denied. Petitioner-respondent argues that under former section 122 of the Domestic Relations Law the procedure was to issue the warrant for arrest in the first instance and that personal service of summons was optional. The procedure for service is specifically set forth in section 525 of the Family Court Act. If these proceedings had been instituted prior to Septem-

214

ber 1, 1962 the applicable statute for Onondaga County would have been section 12 of the Children's Court Act. This latter section provided that service of the summons should be personally made in paternity proceedings and nothing was contained in that section concerning service by mail. Substituted service can only be resorted to under section 525 " If after reasonable effort, personal service is not made ". No such effort was made here.

These proceedings having been commenced in March of 1963, the petitioner's contention that appellant waived his jurisdictional objection by participating in the hearings after his motion to vacate service was denied is without merit. Subdivision 4 of section 237-a of the Civil Practice Act, which applies to these proceedings, specifically provides that " After a motion made pursuant to this section has been denied, the defendant may litigate the action on the merits without being deemed to have waived his objection to the court's jurisdiction over his person ". It was error for the court to have denied appellant's motion to vacate service and no jurisdiction over his person was acquired.

Although, as we have indicated, we have not considered the issues raised as to the merits of the proceedings, we are constrained to comment on the failure of the court to make or mark any of the proposed findings after stating that " I will get out the Findings of Fact and get out the order ". The court's decision adjudging appellant to be the father of the child and ordering support payments was made from the Bench on November 8, 1963. The order of filiation was not entered until more than a year later and was served by mailing a copy to appellant's attorney on December 3, 1964. Although the court refused to mark appellant's proposed findings, the court did at some undetermined later date make findings and an order which are undated. CPLR 5016 requiring the entry of a judgment, was not complied with and the procedures followed by the court were irregular in this respect, as in others. In filiation proceedings, as in every matter which comes before the Family Court, the practice should conform with the requirements of the Family Court Act and the CPLR.

The dismissal of the petition carries with it the granting of appellant's motion to release moneys deposited by him pursuant to the provisions of the order relating to support of the child. The order of Family Court dated November 27, 1964, insofar as it denied the motion for release of the moneys, should be reversed and any moneys now on deposit should be returned to appellant. The order of Family Court in all respects should be reversed and the petition dismissed.

WILLIAMS, P. J., BASTOW, GOLDMAN, NOONAN and DEL VECCHIO, JJ., concur.

Order adjudging respondent-appellant to be the father unanimously reversed and petition dismissed, and order denying respondent-appellant's motion for release of moneys, insofar as appealed from, unanimously reversed and motion granted.