Frederick D. Dugan, J.
The respondent stepfather here contends that he is no longer chargeable with the support of his divorced wife and her 8-year-old son even though they receive public assistance.
On August 4, 1972 the Family Court found respondent chargeable with the support of his wife and the stepson (Family Ct. Act, §§ 412, 415; Social Services Law, § 101, subd 1) and ordered him to pay $8 per week. The parties were then *1071 separated. The wife was then and continues now to be unemployed. She was then and is still receiving public assistance for herself and that child.
Less than two months after the Family Court order, the respondent obtained a divorce from his wife on the grounds of her cruelty. The Supreme Court decree dated September 11, 1972 makes no provision for any support or alimony.
The application now before the court alleges respondent’s violation of the Family Court support order of August 4, 1972. Respondent here contends that he is not chargeable with the support of his ex-wife and the stepson by reason of the divorce.
Petitioner contends that he is chargeable, citing section 415 of the Family Court Act and subdivision 1 of section 101 of the Social Services Law, which each provide that the spouse or parent of a recipient of public assistance or a person liable to become in need thereof, if of sufficient ability, is responsible for the support of such person or child under age 21 years. Both state that stepparents shall in like manner be responsible for the support of children under the age of 21 years.
The stepparent’s support law in New York is statutory in origin. There was no such common-law obligation. (Matter of Kane v Necci, 245 App Div 1, app dsmd 269 NY 12.)
It is imposed only upon stepfathers of children who are receiving public assistance or in danger of doing so. It is not an obligation "generally applicable” to all stepchildren (Matter of Slochowsky v Lavine, 73 Misc 2d 563).
In Peake v Peake, 205 Mise 393, a 1954 case in the Domestic Relations Court of the City of New York, it was held that a stepparent is chargeable with the support of a stepchild as long as he is the stepparent. When that relationship is terminated by a decree of divorce from the mother of the child, his obligation ends.
Peake involved the standards then set forth in subdivision 5 of section 101 of the Domestic Relations Court Act which provided essentially that a stepparent was chargeable with the support of a stepchild likely to become a public charge if it were shown that the stepparent had knowledge of the child’s existence at the time of the marriage.
The petitioner mother there sought support for her child from the stepfather after he had obtained a divorce from her. The court noted that no proof was submitted that the child *1072 was likely to become a public charge but stated that was not the question to be passed upon in that proceeding. "The law responsive to what is right, imposes an obligation to support a step-child by the husband. That obligation continues as long as the relationship exists between the stepfather and mother. It ceases and comes to an end when that relationship is terminated and the erstwhile spouse of the child’s mother is no longer her husband. It continues only as long as he is the stepfather.” (Peake v Peake, supra, p 395.)
Peake was cited by the Appellate Division, Second Department, in Matter of Eckhardt v Eckhardt (37 AD2d 629). That 1971 decision involved a Family Court order granted under the Uniform Support of Dependents Law. It held that since petitioner mother’s daughter could only be regarded as appellant’s stepchild while the parties were married, once they were divorced there was no authority to direct appellant to support that child.
While in the instant case the stepchild is receiving public assistance, it is held that by reason of the divorce of the parties, there is no authority to direct the respondent to support that child. (Matter of Eckhardt v Eckhardt, 37 AD2d 629, supra; Peake v Peake, 205 Misc 393, supra.)
Nor can the petitioner ex-wife prevail upon her application even though she too receives public assistance.
The liability of the husband for support of the wife depends upon the existence of a valid marriage and when that relationship ceases to exist, the Family Court has no power to order support on behalf of an ex-wife. (Smith v Smith, 60 Misc 2d 692, 694.)
Whether nominated as support or alimony, the same standard must apply. Under section 236 of the Domestic Relations Law, a husband has no obligation to pay alimony to a wife where he has obtained a divorce based upon her misconduct (Hessen v Hessen, 33 NY2d 406, 410-411; Votta v Votta, 40 AD2d 532; Math v Math, 39 AD2d 583, affd 31 NY2d 693) and even though that wife is a recipient of public assistance or liable to become in need thereof. (Mellen v Mellen, 46 AD2d 790.)
Petitioner’s application for counsel fees is denied. The petition for violation of support order herein is dismissed and the order of support of August 4, 1972 is terminated and any arrearages thereunder canceled.