Leo Dikman, J.
On November 12, 1974, an order was made
in this court directing respondent to pay $85 weekly for petitioner and two stepchildren on a public charge basis, and on a means basis for the child of the parties. Petitioner now seeks to enforce the arrears which have accrued under that order.
*715 Respondent submits a divorce decree, Bronx County, dated July 9, 1975, wherein he obtained a divorce against petitioner. The decree does not state the grounds for the granting of the divorce, but it does state that it is granted in accordance with subd (1) of section 170 of the Domestic Relations Law. That subdivision refers to grounds commonly called "fault grounds”. The law is that if a divorce is granted against a wife on a "fault” ground, she is precluded from obtaining alimony (Brownstein v Brownstein, 25 AD2d 205). In fact the decree provides for $30 weekly support for the child of the parties, and there is no mention of alimony or support for the stepchildren. The parties’ child is the only child mentioned in the decree. Consequently, the words "the Family Court is awarded concurrent jurisdiction herein on custody and support” obviously refers only to said child and not to the stepchildren. For indeed the law is that the liability of a stepfather to support stepchildren on a public charge basis ceases when a divorce is granted to either party (Matter of Eckhardt v Eckhardt, 37 AD2d 629; Peake v Peake, 205 Misc 393).
This court is bound by said order of November 12, 1974. That order directed respondent to make the payments through the support bureau of this court. He concedes that he made no such payments, but claims he made some payments directly to petitioner, but does not present any proof thereof. The court cannot give respondent credit for any such payments, first because he himself could not with any certainty state the dates or amounts of the payments, second he presented no documentary proof of any payment, and third he failed to make any payment in the manner provided (through the court). In passing, the court notes that it is especially important for support payments to be made through the court where petitioner is receiving welfare, otherwise the number of welfare frauds will continue to increase.
This court is also disturbed at the ever increasing number of default judgments of divorce being granted against wives on "fault” grounds. Although this court has no reason to believe that the divorce granted here was not bona fide, the fact is that in too large a percentage of cases the defendant wife is receiving public assistance. There can be no doubt that in too many cases "deals” are being made in inducing the wife not to defend the action, thereby forever relieving the husband from payment of alimony. It is difficult to understand, for instance, by what theory a husband is entitled to a decree on the *716 ground of abandonment when he left his wife and children. However, the Department of Social Services has failed to correct the situation. Obviously if said department provided free counsel to its clients, in such cases, far fewer husbands would escape their support obligations.
Upon all of the testimony, the court finds and decides as follows:
1. Arrears under the November 12, 1974 order are fixed at $2,890 ($85 per week for 34 weeks from November 19 to and including July 8, 1975).
2. Said November 12, 1974 order is vacated as of July 9, 1975, the date of the divorce decree.
3. Support for the child of the parties is continued at $30 weekly (as provided in the divorce decree) commencing as of July 15, 1975. The arrears for said support, as of August 12, 1975, amount to $150.
4. On the basis of respondent’s take home pay of $185 weekly, respondent is ordered to pay, by payroll deduction order (all payments over to Department of Social Services), commencing August 19, 1975, the sum of $30 weekly for support of said child, plus $20 weekly on account of the aforesaid total arrears of $3,040.