■ In the Matter of BEVERLY E., Respondent, v WILLIAM H., Appellant. —In a filiation proceeding, the appeal is from two orders of the Family Court, Kings County, both dated November 26, 1975, the first of which declared appellant to be the father of the petitioner's child and the second of which contained support provisions. Orders reversed, on the law, without costs or disbursements, and petition dismissed. The appellant, having admitted to being the father of the petitioner's infant, now contends that the order of support was rendered in violation of his right to due process. The facts indicate that both the petitioner and the appellant were fellow employees in the Kings County Hospital and that, on February 15, 1975, the petitioner gave birth out of wedlock. Petitioner and appellant, at the time of birth, were aged 26 and 30 years, respectively. The record further discloses that the petitioner is the mother of four other children and that the appellant is married and the father of four children other than the infant whose paternity is at issue. On October 17, 1975 petitioner verified a paternity petition seeking to have the appellant declared the father of her child. As is the policy of the Kings County Family Court, a summons was given to her for personal service upon the appellant, and a copy thereof was to be served by mail. There was no return date specified on the summons issued. Moreover, even though he was named in the caption, the summons was addressed, not to the appellant, but as follows: "Att. Mrs. Grace Dowling, Personnel Records, D-Building, Kings County Hospital, 451 Clarkson Avenue, B'klyn, N.Y." Only the court docket indicates that the summons was returnable on November 25, 1975. On that date the petitioner, while under oath, swore before the Family Court Judge that she had personally served appellant with the summons. Thereupon a warrant for his arrest was issued and he was taken into custody, remaining in detention for eight hours before he was produced in court. The transcript of the proceeding indicates that the appellant was advised of his right to have an attorney and to deny the charges or to remain mute. In response thereto, appellant stated that he would speak for himself. He then stated: "I admit being the father of the child." The Family Court Act (§§ 524, 525) provides for personal service of the summons and petition in filiation proceedings. However, if after a reasonable effort, no personal service can be effected, an order may be provided for substituted service. A warrant of arrest may be issued when the respondent fails to obey the summons (Family Ct Act,

§ 527). Appellant's involuntary appearance before the court, pursuant to the warrant of arrest, did not constitute a waiver of objection to the manner of service under section 167 of the Family Court Act. CPLR 2103 (subd [a]) provides: "Who can serve. Except where otherwise prescribed by law or order of court, papers may be served by any person not a party of the age of eighteen years or over." As far back as 1878 the Court of Appeals interpreted the word "party" to mean either plaintiff or defendant *(People v Mutual Gas Light Co. of City of Brooklyn,* 74 NY 434). Since the summons was personally served by the petitioner, we hold it in violation of CPLR 2103 (subd [a]). Thus, we are constrained to dismiss the petition. This latter fact, coupled with a summons which fails to indicate a return date, constitutes a lack of due process (see NY Const, art I, § 6). The present practice of the Kings County Family Court in issuing arrest warrants without sufficient proof of personal or substituted service, should be discontinued immediately (see *Rodoe v Noneus,* 23 AD2d 212). Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.