Richard D. Rosenbloom, J.
This is a motion by respondent to set aside an order of paternity. The order in question, entered on July 2, 1973, adjudged respondent to be the father of a child born out of wedlock and ordered support in accordance with his means and ability. The instant proceeding was brought in 1976 to modify the order so as to establish a specific amount of support.
The original paternity proceeding was commenced by the service of a copy of the summons and petition on respondent who was then 18 years old. At the time of his initial appearance in court, respondent requested and was granted an adjournment to retain counsel. On the adjourned date, he appeared without counsel and admitted being the father of the child in question. At the time the order of paternity was made, respondent was 19 years old.
On this motion, respondent contends that he did not understand the court proceedings, that he did not know he could have an attorney, that he did not admit paternity and that he did not know that he had a right to a blood grouping test. The court has reviewed the transcript of the earlier proceedings and finds that respondent’s claims are not supported by the record and do not constitute grounds to set aside the order at this time.
Respondent also contends that his parents were never *712 served with a copy of the petition and that no Law Guardian was appointed to represent him. After considering all of the circumstances, this court agrees that respondent is entitled to be relieved from the order of paternity by reason of the court’s lack of jurisdiction.
At the time of all proceedings in 1973, respondent was an infant, as then defined by section 2 of the Domestic Relations Law. Section 525 of the Family Court Act governs service of process in a paternity proceeding and provides that service be made by delivery of a true copy of the summons and petition to the person summoned, making no distinction between infants and adults. In contrast, CPLR 309 (subd [a]) requires service upon a parent, guardian or person having legal custody of an infant.
The question is thus presented as to whether service of a summons and petition on the infant respondent alone was sufficient to confer jurisdiction on the court. Although section 525 fails to differentiate between adults and infants, the general purpose of the Family Court Act is set forth in section 241: "This act declares that minors who are the subject of family court proceedings should be represented by counsel of their own choosing or by law guardians. This declaration is based on a finding that counsel is often indispensable to a practical realization of due process of law and may be helpful in making reasoned determinations of fact and proper orders of disposition.” Section 249 goes on to provide: "In any other proceeding in which the court has jurisdiction, the court may appoint a law guardian to represent the child, when, in the opinion of the family court judge, such representation will serve the purposes of this act, if independent legal counsel is not available to the child.” In addition, the second sentence of subdivision (a) of section 525 makes reference to "one acting on behalf of the respondent or by a parent or other person legally responsible for his care”.
The court concludes that the clearly expressed policy of the Family Court Act is that infants have the services of someone, either counsel, Law Guardian or parents, to help protect their interests and express their wishes. The critical nature of an order of paternity requiring a respondent to support a child for 21 years requires that an infant respondent have someone to turn to for mature advice. An infant’s parent must be served with process in every type of legal action in Supreme *713 Court. Surely a paternity proceeding, with its far-reaching financial consequences, demands no less.
The court is aware of the decision of Judge Weiner in Matter of Anonymous v Anonymous (70 Misc 2d 584) holding that CPLR 309 does not apply to paternity proceedings. In that case, however, the infant respondent was represented by counsel of his own choosing and therefore had the protections intended by statute.
Section 165 of the Family Court Act provides that where the method of procedure is not prescribed, the provisions of the CPLR shall apply to the extent that they are appropriate to the proceedings involved. In a recent case, the Appellate Division, Second Department, held that the provisions of CPLR 2103 (subd a) prohibiting the service of a summons by a party applied to paternity proceedings. (Matter of Beverly E., 53 AD2d 891.) Just as section 525 fails to prescribe who may serve a summons, so, too, is it silent as to the method of service upon an infant.
Accordingly, this court holds that the provisions of CPLR 309 apply to paternity proceedings. Since a copy of the summons and petition was not served upon respondent’s parent, guardian or person having legal custody, the court lacked jurisdiction to grant the order of paternity. Pursuant to CPLR 5015 (subd [a], par [4]), respondent’s motion is granted, the order of paternity entered July 2, 1973 is vacated and the pending petition for modification is dismissed.