■ MILTON OSTERGARD et al., Respondents, v LOUIS CARMINATI et al., Defendants, and WILLIAM JACOBS, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant William Jacobs appeals from so much of an order of the Supreme Court, Suffolk County, dated December 9, 1977, as denied his motion to open his default and vacate the court's decision upon inquest finding him liable for negligence. Order reversed insofar as appealed from, without costs or disbursements, and motion granted, on condition that appellant's attorney pay $750 to plaintiffs within 20 days after entry of the order made hereon; in the event that the condition is not complied with, then order affirmed insofar as appealed from, with $50 costs and disbursements. Appellant's time to answer is extended until 10 days after his attorney complies with the aforesaid condition. In cases such as this, where the failure to permit a defaulting defendant to vacate his default and to have his day in court would work an unduly harsh result, and where the actual fault belongs to the defendant's counsel and the opposing party will not be unduly prejudiced, it is appropriate that the default be opened with costs against the offending attorney personally, so that the rights of the parties may be determined on the merits (see *Siegel v Tamarack Lodge Hotel,* 46 AD2d 684; *Cohen v Tucker,* 44 AD2d 706; *Moran v Rynar,* 39 AD2d 718). Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.