■ Lester Jackson, Appellant, v I. Walton Bader et al., Respondents. —In a legal malpractice action, plaintiff appeals from so much of an order of the Supreme Court, Kings County, dated February 5, 1979, as denied his motion for entry of a default judgment against the defendants and directed the plaintiff to accept service of defendants' answer. This appeal brings up for review so much of a further order of the same court, dated July 11, 1979, as, upon granting plaintiff's motion for renewal, adhered to the original determination, provided that the answer is "properly" served. Appeal from the order dated February 5, 1979 dismissed as academic. That order was superseded by the order granting renewal. Order dated July 11, 1979 modified by adding thereto provisions that the grant of relief to the defendants is conditioned upon the payment of $1,500 by their attorney to the plaintiff and that if the $1,500 is not paid, then the order dated February 5, 1979 is vacated and the plaintiff's motion for entry of a default judgment is granted. As so modified, order affirmed insofar as reviewed. Defendants' attorney's time to make payment is extended until 20 days after service upon him of a copy of the order to be made hereon, together with notice of entry thereof. Defendants shall serve their answers within 10 days after payment of the $1,500. Plaintiff is awarded one bill of $50 costs and disbursements. We agree with Special Term that the plaintiff has not been unduly prejudiced by the defendants' default (cf. *Ostergard v Carminati,* 64 AD2d 696) and we cannot say that it would not serve the interest of justice to open the default. We note that the defendants' attorney in this action, I. Walton Bader, is also one of the defendants, and that the other defendant is the law firm of which he is a member. The defendants have engaged in a consistent pattern of delay and of flouting the rules set forth in the CPLR

for the service of papers and the use of attorneys' affirmations (see, generally, *Lind v Port of New York Auth.,* 28 AD2d 984; *Schutzer v Suss-Kolyer,* 57 AD2d 613; *Matter of Beverly E. v William H.,* 53 AD2d 891). As an example of their dilatory tactics, the defendants previously defaulted by failing to appear three times to prosecute their own motion to dismiss the complaint. We list below several examples of I. Walton Bader's cavalier attitude towards the spirit and letter of the CPLR: 1. The original motion to dismiss the complaint was made on or about July 8, 1978. However, the return date of the motion was September 15, 1978. Although no provision of the CPLR was *literally* violated by making a motion returnable more than two months after the motion was made, this circumstance is sufficiently unusual as to suggest that I. Walton Bader may have been motivated to delay a resolution of the motion. 2. Mr. Bader did not appear on September 15, 1978 to argue the motion. Nor did he appear on the two adjourned dates of October 10 and November 1. His excuse for failing to appear on any one of the three dates was his claim that the court clerk informed him, inaccurately, that his motion had been marked "submitted". Special Term did not accept this excuse. Rather, it reaffirmed the dismissal of the motion, entered upon default. Parenthetically, a personal appearance by the party demanding relief is required by CPLR 2216 (subd a), as well as by a local rule of the Supreme Court, Kings County (22 NYCRR 752.11 [c]). The rule permits only the Judge presiding at Motion Part to dispense with oral argument. 3. On November 3, 1978 defendants were served with an order with notice of entry, dismissing their motion to dismiss the complaint. Defendants' time for service of their answer was extended by operation of law to the middle of November, 1978 (see CPLR 3211, subd [f]). The record reveals that the answer was not even verified until December 6, 1978 or about three weeks after it was due. 4. CPLR 2103 entitled "Service of papers" provides, in part: "(a) Who can serve. Except where otherwise prescribed by law or order of court, papers may be served by any person not a party of the age of eighteen years or over." This section is a departure from section 220 of the Civil Practice Act which only prohibited a party from serving a summons. Plaintiff averred that I. Walton Bader repeatedly served papers upon him even after being informed that this practice was in violation of CPLR 2103. 5. Mr. Bader repeatedly made use of first-party affirmations (rather than sworn affidavits) even after the nonattorney plaintiff pointed out to him that an attorney may not affirm the truth of statements in an action in which he, himself, is a party (see CPLR 2106). 6. The individual defendant, a member of the Bar for about three decades, attempted to appeal from an order entered upon his own default—in violation of CPLR 5511—without first making a motion to vacate the default. On plaintiff's motion the appeal was dismissed by this court on January 22, 1979. Bader's appeal from this dismissal was dismissed also, by the Court of Appeals on April 26, 1979 (see *Jackson v Bader,* 47 NY2d 755). It would seem that Mr. Bader could very easily have determined in advance that these appeals would be futile. 7. On one occasion, in affirming with respect to service of a paper by mail, Mr. Bader allowed the words in the printed form "deponent is not a party to the action" to stand without deletion. The enumerated items show a cavalier disregard of the law and of the high standards that each attorney swears to uphold upon being admitted to the Bar. We view Mr. Bader's derelictions with something less than approbation. Mollen, P. J., Lazer, Gibbons and Cohalan, JJ., concur.