OPINION OF THE COURT
Edward J. McLaughlin, J.
I. PROCEDURAL HISTORY OF THE CASE
An objection to an order of the Hearing Examiner was filed *565 with the court on July 10, 1987 pursuant to section 439 of the Family Court Act. Respondent, the Commissioner of Social Services, through the County Attorney, objects to an order of the Hearing Examiner, which order was filed and entered on June 12, 1987. Petitioner submitted a letter as rebuttal. The letter was received on July 17, 1987, within the eight-day period presently set forth in subdivision (e) of section 439 of the Family Court Act. Respondent submitted no papers.
The Hearing Examiner found, after holding a hearing, that the parties were married on September 1, 1921. In July of 1986 respondent husband entered a nursing home. Prior to July of 1986 the parties lived together and used their joint income to pay their household expenses. The Hearing Examiner further found that petitioner had needs of $732 per month and a personal income of $248 per month in Social Security benefits and $40 per month in income from savings of $8,500, which income was computed at a return of 5.5%. The Hearing Examiner also found that respondent’s income is $549.90 per month from his Social Security and $181.64 per month from his pension. Respondent’s needs were found to be $72.51 per day.
Based upon these findings, the Hearing Examiner ordered respondent to pay support to petitioner in the amount of $444 per month.
II. OBJECTOR, RESPONDENT’S ARGUMENT
Respondent Commissioner states that he is defending this action pursuant to subdivision (3) of section 102 of the Social Services Law. He states that respondent is a recipient of Medicaid. He also states, through the County Attorney, that Medicaid is defined in subdivision (18) of section 2 of the Social Services Law as public assistance and care. He argues, "It is not health insurance. Its purpose is to supplement, not replace, the assets of the recipient in paying for care.” He further argues that when an individual is in receipt of public care, the spouse of such an individual is statutorily responsible for the support of the spouse receiving care, citing the court to section 415 of the Family Court Act. He further notes that pursuant to section 412 of the Family Court Act, a spouse is only chargeable with support of a spouse if possessed of sufficient means. He argues that since respondent is a recipient of public care, he lacks the means to provide support to his spouse. He notes that the Family Court lacks equity jurisdiction and must, in making its determination, balance *566 the needs of petitioner and the ability of the petitioner to contribute to her own support with the respondent’s current ability to pay. He notes that respondent’s actual needs are much greater than his actual income and that petitioner has savings which are available to her for her own support. The County Attorney argues that there should be no order of support made at this time.
III. ORIGINAL PETITIONER’S ARGUMENT
Petitioner, through a letter of rebuttal, states:
"Notwithstanding the prior boot-strap arguments relied upon by this Court in dismissing each of the prior Septuagenarian type cases brought in Onondaga County, and notwithstanding this Court’s reluctance to follow the mandate of the Court of Appeals of this State in the Englehardt case previously cited to this Court, that case, which affirmed the reasoning of Septuagenarian, also previously cited to this Court, soundly rejected the very arguments put forth by the County Attorney in his Objections.
"Furthermore, although this Court has seen fit to distinguish the prior cases in Onondaga County from Englehardt on the grounds that Englehardt had been a proceeding brought by the Department of Social Services, that distinction is without merit since, as pointed out to this Court on many occasions, in Englehardt, Mrs. Englehardt counterclaimed against the County and it was the counterclaim which was affirmed by the Court of Appeals, a counterclaim which is wholly consistent with and similar to these cases pending before this Court.
"The Court of Appeals, in rejecting an appeal in Englehardt, affirmed the Appellate Division, Third Department and effectively held that an individual on Medicaid in New York State has the financial ability to support his spouse in the community, because Section 366 (2) (a) specifically provides that the Department of Social Services may not include as available income to a Medicaid recipient that portion of his income which is required under Court order to be applied to the support of his spouse in the community. This Court may continue to disagree with the Court of Appeals, but it may not and should not continue to flaunt that disapproval to the detriment of the elderly residents of our community.
"In light of the prevailing case law and the facts and evidence adduced at the Hearing, I respectfully request that the County Attorney’s Objections be rejected.”
*567 IV. THE DECISION OF THE COURT
A. Denial of Motion for Leave to Appeal to the Court of Appeals
First of all, the court points out that the Court of Appeals has not ruled on this issue. The Court of Appeals has merely denied a motion for leave to appeal in the Englehardt case. (Matter of Albany County Dept. of Social Servs. v Englehardt, 124 AD2d 140 [3d Dept 1987], lv denied 69 NY2d 612.) Since such a motion is discretionary with the Court of Appeals and may be denied for a variety of reasons, such a denial does not create a precedent which is binding on the trial courts. As articulated by Cohen and Karger in their authoritative work, Powers of the New York Court of Appeals (rev ed, at 356), "the rule is clear that the denial [of a motion for leave to appeal] is not to be taken as approval of the decision below. The denial is in no sense an adjudication of the merits of the determination.” Thus, respondent is incorrect in his assertion that this court is bound by a Court of Appeals ruling on a motion for leave to appeal.
B. The Needs of Petitioner and the Means of Respondent
The court now considers the facts of the case and the arguments of the attorneys in the case. The court finds that the findings of the Hearing Examiner as to the needs of petitioner and the financial ability of petitioner and respondent reflect the evidence put before the Hearing Examiner. While this is a matter of spousal support that involves only the husband and wife as to the need for support and the ability to pay support, the court finds that the Commissioner has a statutory duty to "defend in any court all matters relating to the support of persons at public expense.” (Social Services Law § 102 [3]; cf., Matter of Chauvaux v Chauvaux, 82 Misc 2d 518 [Fam Ct, Onondaga County 1985].) Here, where petitioner asserts that respondent is a recipient of public assistance and care pursuant to section 365 of the Social Services Law and the Commissioner is put on notice of the proceedings and ascertains that respondent is receiving medical assistance, the County Attorney is entitled to defend this action. The statutory language empowering the Commissioner to defend support matters is all encompassing. The statute refers to "all matters relating to * * * support”. Thus, there is no question but that the Commissioner, represented by the County Attorney, has standing to file an objection to an order *568 of the Hearing Examiner. (Onondaga County Charter, art XIV, § 1402 [a]; art VII, § 702.)
The Family Court is a court of limited jurisdiction. (Matter of Thomson, 79 AD2d 880 [4th Dept 1980].) It may only exercise those powers granted to it by statute. (Matter of Borkowski v Borkowski, 38 AD2d 752 [2d Dept 1972].) The Family Court has no powers of equity. (Matter of Brescia v Fitts, 56 NY2d 132, 139 [1982].)
Here, petitioner is seeking support from her spouse pursuant to article 4 of the Family Court Act. Article 4 contains no provision exempting spouses with one spouse in a nursing home from the general eligibility for support set forth in section 412 of the Family Court Act. Indeed, as the County Attorney points out, since respondent is medically indigent, the provisions of section 415 of the Family Court Act must also be considered.
The Family Court has no authority to make determinations as to eligibility for public care. This is essentially what petitioner seeks to have the court do in this matter, for to grant an order of support from respondent’s illusory means (cf., Matter of Rizzuto v Blum, 101 AD2d 699 [4th Dept 1984]) would be transferring public moneys to petitioner, public moneys this court has no authority to order transferred.
Respondent is receiving public care because he is needy. The Legislature has declared that "[m]edical assistance for needy persons is hereby declared to be a matter of public concern and a necessity in promoting the public health and welfare”. (Social Services Law § 363.) Indeed, care for needy persons is mandated by the New York State Constitution. Section 1 of article XVII provides: "The aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine.”
It is the Commissioner of Social Services who has been designated to provide medical assistance to needy persons. (Social Services Law § 365-a [1].) Likewise, it is the Commissioner of Social Services who must determine the eligibility of any person in need for assistance and care. (Social Services Law art 5.) This is the manner and means for such determinations set forth by the New York State Legislature.
When the Commissioner makes a determination as to need for medical assistance, certain factors are exempt from consideration. These factors are:
*569 "(1) a homestead which is essential and appropriate to the needs of the household;
"(2) essential personal property;
"(3) * * * a burial reserve;
"(4) savings in amount equal to at least one-half of the appropriate income exemptions allowed;
"(5) income taxes;
"(6) health insurance premiums;
"(7) payments for support of dependents required to be made pursuant to court order; and
"(8) * * * income (in the amount of $4,500 for one dependent)” (Social Services Law § 366 [2]).
The Commissioner’s authority "to compel any responsible relative to contribute to the support of any person receiving or liable to become in need of medical assistance” is specifically not diminished. (Social Services Law § 366 [3] [b].) Indeed, to be eligible for medical assistance the recipient of such assistance must assign any support rights such individual may have to the Commissioner of Social Services. (Social Services Law § 366 [4] [h]; 42 USC § 1396k.) If one has assigned one’s right to support to the Commissioner, any individual seeking support from such an assignor is in fact seeking support from the Commissioner of Social Services. The Family Court has no authority to order the Commissioner to pay support to an individual. Rather, such support must be sought through administrative procedures set forth in the Social Services Law and 18 NYCRR.
In 1985 the Legislature enacted a comprehensive piece of support legislation. (L 1985, ch 809.) Among other new provisions a detailed amendment to the CPLR set forth the procedure to be followed for an income execution for support enforcement. (CPLR 5241.) Specifically excluded from the comprehensive definition of income were two categories of income — "public assistance benefits paid pursuant to the social services law and federal supplemental security income.” (CPLR 5241 [a] [6].) Included as income was "any earned, unearned, taxable or nontaxable income, workers’ compensation, disability benefits, unemployment insurance benefits and federal social security benefits as defined in 42 U. S. C. section 662(f)(2)”. Petitioner would have the court believe that through some legerdemain the court can redo respondent’s medical assistance budget, reattributing respondent’s assigned *570 support rights to the category of "income” which it enjoyed prior to the determination of the Commissioner that he was medically needy and in need of public assistance. This court has no authority to set aside the assignment of support made by respondent to the Commissioner. Thus, the only "income” respondent now has is excluded income in the form of public assistance.
Should petitioner have sought support from respondent before he assigned his support rights to the Commissioner, petitioner might well have been able to obtain a support order which would have qualified as an exemption under section 366 of the Social Services Law when respondent applied for medical assistance.
This is not, however, the question now before the court. This court has no jurisdiction over contracts.
This court in making its determination must look to the law of support as set forth in article 4 of the Family Court Act, the law which governs this proceeding.
Section 412 of the Family Court Act sets forth the obligation of married persons to support one another. Section 412 states: "A married person is chargeable with the support of his or her spouse and, if possessed of sufficient means or able to earn such means, may be required to pay for his or her support a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties.” (Emphasis added.) Thus, the court must ascertain the relationship of the person seeking support to the person from whom support is sought, the need of the spouse seeking support and the financial means of the spouse from whom support is sought. (See, e.g., Matter of Cannan v Cannan, 79 AD2d 1085 [4th Dept 1981]; Pickering v Pickering, 58 AD2d 1039 [4th Dept 1977]; Matter of Bruno v Bruno, 50 AD2d 701 [3d Dept 1975]; Levy v Levy, 46 AD2d 876 [1st Dept 1974] ; Matter of “MM” v “MM”, 39 AD2d 995 [3d Dept 1972]; Matter of Chapman v Chapman, 28 AD2d 1028 [3d Dept 1967]; Elwell v Sisson, 81 Misc 2d 1070 [Fam Ct, Yates County 1975] .) These then are the facts which must be established in a support proceeding:
1. That the parties have a valid marriage;
2. That petitioner has need of financial support;
3. That respondent has the financial ability to contribute to the support of petitioner.
The mere fact that respondent husband is institutionalized *571 and receiving Medicaid is not a basis for denial of support to a spouse. (Matter of Morrison v Morrison, 132 AD2d 985.)
Family Court proceedings are civil proceedings. Accordingly, the standard of proof is by the fair preponderance of the evidence (Richardson, Evidence § 97 [Prince 10th ed]). The petitioner has the burden of proof and must put in evidence facts to establish that support is required under the facts put into evidence.
Section 437 of the Family Court Act creates a presumption that the person from whom support is sought has sufficient means to support the person seeking support. Richardson notes that "[a]s a general rule, the effect of a presumption is to place the burden upon the adversary to come forward with evidence to rebut the presumption; that is, to negative the existence of the presumed fact.” (Richardson, Evidence § 58 [Prince 10th ed].) Here, the fact which was pleaded by petitioner and found by the Hearing Examiner, which fact was confirmed by the Commissioner of Social Services through the County Attorney, was that respondent herein is a recipient of public care in that he is receiving medical assistance. Petitioner did not come forward with independent evidence to establish that respondent has means to provide support.
Respondent has established needs of approximately $2,175 per 30-day month or $72.50 per day. This is the cost of his nursing home care. Respondent’s income is $549.90 from Social Security and $181.64 per month from his pension. This amounts to $731.54 per month. Given a 30-day month, this is $24.38 per day. Thus, respondent has a short fall of $1,443.46 per month or $48.12 per day. Accordingly, respondent’s ability to pay support results in a negative figure.
There is no standard for the court to use in determining support in such a case. If the Legislature intends the court to use a presumption that respondent possesses sufficient means to support a spouse when he is institutionalized and has assigned his income away, then additional legislation is necessary. With no standard of reasonableness the trial court is at a loss in making a support determination when the evidence shows respondent with a negative ability to pay and petitioner with positive needs for support. The presumption of sufficient means as currently enacted in section 437 of the Family Court Act is a rebuttable presumption. In this case, moreover, the presumption of sufficient means has been rebutted and petitioner has failed to establish a prima facie case of support. *572 Since respondent does not have sufficient means to support himself, he is not able to contribute to the support of his spouse. Thus, petitioner has failed to establish one of the facts necessary if the court is to make an award of support.
This court is not unsympathetic to the plight of persons who have outlived their life savings through tragic medical difficulties or extreme old age. Indeed, if this court had equity jurisdiction, which it does not, the court would happily devise remedies to ameliorate the problems faced by persons such as petitioner. Unfortunately, this court as a court of limited jurisdiction bound by statute does not enjoy that luxury. (Rodoe v Noneus, 23 AD2d 212 [4th Dept 1965].) Accordingly, the decision and order of the Hearing Examiner is reversed. The petition seeking support filed with the court on March 20, 1987 is dismissed.