Eva Mercer, Appellant, v Kevin Mercer, Respondent. [772 NYS2d 372]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated November 27, 2001, as failed to award her child support on the basis of the defendant's income in excess of $80,000, and awarded her maintenance in the sum of only $100 a week for a period of two months.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the fourth and fifth decretal paragraphs thereof awarding maintenance and child support, respectively, are vacated, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of child support and maintenance in accordance herewith; and it is further,

Ordered that in the interim, the husband shall continue to pay child support in the sum of $1,666 per month.

In 1995, before commencement of the parties' matrimonial action, the Family Court issued an order requiring the husband to pay child support. The amount of child support was calculated by applying the guidelines of the Child Support Standards Act (Domestic Relations Law § 240 [1-b], hereinafter the CSSA) only to the first $80,000 of his income. The wife commenced the matrimonial action at bar in 1999, and the Supreme Court issued a pendente lite order of support. The Supreme Court, in awarding the wife child support in the sum of $1,666 a month, applied the CSSA guidelines only to the first $80,000 of the husband's income.

The trial was held in 2000 before a Judicial Hearing Officer (hereinafter the JHO). At that time, the husband earned a base salary of $133,000, and, in addition, received yearly bonuses. The wife earned about $44,000 in 2000 before she was terminated from her job during the trial. The JHO determined that the husband's earnings in excess of $80,000 should not be considered in calculating the amount of child support awarded to the wife and awarded the wife child support in the sum of $1,666 a month. We remit for a new determination of child support consistent herewith.

In making a child support determination, the JHO erroneously placed a burden on the wife of establishing a change of circumstances after the Family Court support order was issued or of demonstrating that the amount awarded by the Family Court was insufficient to meet the children's needs. While those considerations would be relevant if the wife was seeking to modify the child support provision of an agreement between the parties (see Matter of Brescia v Fitts, 56 NY2d 132 [1982]), the

record does not establish that the parties entered into an agreement in compliance with the CSSA (*see* Domestic Relations Law § 240 [1-b] [h]). Furthermore, pursuant to Family Court Act § 462, the Family Court order terminated once the Supreme Court issued a pendente lite order in the matrimonial action in 1999.

In addition, the JHO erred in concluding that the husband's income in excess of $80,000 should not be considered in determining his child support obligation. In calculating the parties' respective child support obligations, the JHO was required to apply the statutory percentage to the parties' combined income up to $80,000. With respect to their combined income in excess of $80,000, the JHO had the option of applying the statutory percentage to this amount, or applying the factors in Domestic Relations Law § 240 (1-b) (f), or a combination of both (*see Matter of Cassano v Cassano*, 85 NY2d 649, 654-655 [1995]; *Wagner v Dunetz*, 299 AD2d 347 [2002]; Domestic Relations Law § 240 [1-b] [c] [3]). Among the statutory factors to be considered are the standard of living the children would have enjoyed if the marriage had not ended and the disparity in the parties' income.

The evidence in the record indicates that an increase in child support is warranted. Accordingly, we remit the matter to the Supreme Court, Queens County, for a new determination of child support based on consideration of the parties' combined income in excess of $80,000 in accordance with the CSSA guidelines (*see* Domestic Relations Law § 240 [1-b] [c] [3]; *Matter of Wienands v Hedlund*, 305 AD2d 692 [2003]).

With respect to maintenance, the JHO erred in requiring the wife to establish a substantial change in circumstances since the issuance of a Family Court order in 1996 denying her application for maintenance. Although that standard generally applies when a party seeks modification of the maintenance provision of an order (*see Comstock v Comstock*, 1 AD3d 308 [2003]; Domestic Relations Law § 236 [B] [9] [b]), here the Family Court order was supplanted by the pendente lite order issued in 1999 which granted the wife maintenance (*see Matter of Collier v Collier*, 18 AD2d 703 [1962]; *Varney v Varney*, 178 Misc 165 [1942]; *see also* Family Ct Act §§ 461, 464). Accordingly, we remit the matter for a new determination of maintenance based on the factors in Domestic Relations Law § 236 (B) (6) (*see Hartog v Hartog*, 85 NY2d 36 [1995]; *Krigsman v Krigsman*, 288 AD2d 189 [2001]).

In view of our determination that there should be a new trial on the issues of child support and maintenance, we need not

reach the wife's remaining contention. Ritter, J.P., S. Miller, Goldstein and Townes, JJ., concur.