■ In the Matter of JOSEPH P. SULLIVAN, Appellant-Respondent, v ALBANY COUNTY BOARD OF ELECTIONS et al., Respondents-Appellants.—Cross appeals from a judgment of the Supreme Court at a Trial Term, entered August 20, 1980 in Albany County, which denied petitioner's applications, in a proceeding pursuant to section 16-102 of the Election Law, seeking to declare invalid the designating petitions designating certain respondents as candidates for the party positions of members of the County Committee of the Democratic Party from the 2nd, 4th, 6th, 7th and 8th Election Districts of the 9th Ward of the City of Albany in the September 9, 1980 primary election. Initially, we reject respondents' contention that the trial court erred in denying their motion to dismiss the petitions on jurisdictional grounds. Although petitioner himself served the papers to commence this proceeding in violation of CPLR 2103 (subd [a]), we conclude that, under the circumstances of this case, such service was merely irregular (see *Matter of Kandel v State Div. of Human Rights,* 70 AD2d 817, 818; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2103:1, p 539); and in the absence of prejudice to a substantial right of the respondents, such an irregularity should be disregarded (CPLR 2001). Turning to the merits, we find unpersuasive petitioner's argument that the designating petitions at issue here are invalid for failure of compliance with the consecutive numbering requirement of subdivision 2 of section 6-134 of the Election Law. The designating petitions for the various election districts were bound together and filed with the board of elections as a single volume, the sheets of which were consecutively numbered. A cover sheet attached to the face of the volume indicates the names and addresses of the candidates designated therein, the election districts in which they are candidates, the pages of the volume which cover their respective election districts and the number of signatures filed for each of the election districts. Under such circumstances, there has been sufficient compliance with the

consecutive numbering requirements of the Election Law *(Matter of Dillon v Power,* 13 NY2d 869). Petitioner next argues that the trial court erred in refusing to invalidate the designating petition for the 8th Election District after finding only 27 valid signatures. We agree. The enrollment tabulation for Albany County for 1979-1980, prepared by the Albany County Board, of Elections, shows 573 enrolled Democrats in the 8th Election District, and 27 valid signatures is clearly short of the 5% required by subdivision 2 of section 6-136 of the Election Law. The remainder of petitioner's contentions have been examined and are lacking in merit. Judgment modified, on the law and the facts, by declaring invalid the designating petition designating respondents Devine and Venter as candidates for the party positions of members of the County Committee of the Democratic Party from the 8th Election District of the 9th Ward of the City of Albany in the September 9, 1980 primary election, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Casey and Herlihy, JJ., concur.