■ CHARLES E. STUART, Appellant-Respondent, v BOARD OF DIRECTORS OF THE POLICE BENEVOLENT ASSOCIATION OF THE NEW YORK STATE POLICE, INC., et al., Respondents-Appellants. — Cross appeals from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered April 29, 1981 in Albany County, which (1) denied plaintiff's motion for leave to serve an amended complaint, (2) granted defendants' cross motion to dismiss the complaint as against defendants Board of Directors of the Police Benevolent Association of the New York State Police, Inc. (board of directors) and James F. McDermott, and (3) referred defendants' cross motion to dismiss the complaint as against the remaining defendants to the Supreme Court at Trial Term. In April, 1979, plaintiff, a New York State Police officer, was elected president of the Police Benevolent Association of the New York State Police, Inc. (PBA). The board of directors of the PBA, after bringing a disciplinary action against plaintiff, removed him from the board. Plaintiff commenced the instant action alleging that defendants, acting with intent to injure plaintiff, published a false and libelous statement charging plaintiff with felonious conduct; that defendant Greely, with the knowledge and consent of all defendants, wrote an intentionally false and libelous letter charging plaintiff with defrauding members of the PBA; and that defendant Sleuss illegally arrested and charged plaintiff with larceny of union funds. Defendants timely answered and raised the defense of lack of personal jurisdiction. Plaintiff thereafter changed attorneys and moved to add additional causes of action for intentional infliction of emotional distress, malicious prosecution and conspiracy. Defendants cross-moved to dismiss the complaint for lack of personal jurisdiction over the defendants. Special Term denied plaintiff's motion to amend the complaint, granted defendants' cross motion to dismiss the complaint as against the board of directors and James F. McDermott, and reserved decision on defendants' cross motion to dismiss the complaint as against the remaining defendants pending a factual determination of whether plaintiff or one Gillespie actually effected service. These cross appeals ensued. On this appeal, plaintiff does not contest that part of the order granting defendants' cross motion to dismiss the complaint as against the board of directors and McDermott and, therefore, we will not now consider the

propriety of that part of the order. Concerning defendants' cross motion to dismiss the complaint as against the remaining defendants, we are of the view that it should have been denied. Initially, we note that the cross motion was timely since defendants raised the defense of lack of personal jurisdiction in their answer and the court could treat the motion as one for summary judgment (CPLR 3211, subd [c]). On the merits of this issue, the alleged service defect, if any, was a mere irregularity and defendants have failed to demonstrate any prejudice (*Matter of Sullivan v Albany County Bd. of Elections,* 77 AD2d 959). Concerning plaintiff's motion for leave to serve an amended complaint, plaintiff concedes that Special Term correctly denied any amendment to add a conspiracy cause of action. Thus, we are concerned with the two additional causes of action, malicious prosecution and intentional infliction of emotional distress. Leave to amend a complaint to add additional theories of law based upon facts formerly alleged should be freely given (*Eng v Di Carlo,* 79 AD2d 1018; *Rife v Union Coll.,* 30 AD2d 504, 505). A reading of the proposed cause of action for malicious prosecution reveals that plaintiff simply realleges facts formerly pleaded to support the claim of false imprisonment. The other cause of action for intentional infliction of emotional distress does not allege any facts previously unknown to defendants. Accordingly, the court should have granted plaintiff's motion for leave to amend the complaint. Finally, as to the request to increase the *ad damnum* clause, plaintiff has stated in his brief on this appeal that the requested increase from $750,000 to $1,500,000 was an oversight in pleading, and, therefore, we will not disturb the denial of the increase by Special Term. Order modified, on the law and the facts, by striking the first and third decretal paragraphs thereof and by substituting therefor paragraphs (1) granting plaintiff's motion for leave to amend his complaint to add causes of action for malicious prosecution and intentional infliction of emotional distress, and (2) denying defendants' cross motion to dismiss the complaint with respect to all defendants except the board of directors of the police benevolent association and James F. McDermott, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Mikoll, JJ., concur.