■ In the Matter of WILLIAM J. KENT et al., Appellants, v FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, et al., Respondents. — In a proceeding to invalidate the petition designating Raymond J. Nugent as a candidate in the Right to Life Party primary election to be held on September 13, 1983, for the public office of Judge of the District Court of Suffolk County, Fifth District, Town of Islip, the appeal is from a judgment of the Supreme Court, Suffolk County (Corso, J.), dated August 16, 1983, which, after a hearing, dismissed the petition. Judgment reversed, on the law, without costs or disbursements, petition granted, and the board of elections is directed to remove the name of Raymond J. Nugent from the appropriate ballot. Petitioners challenge the validity of the designating petition herein on the ground of insufficient signatures. Petitioners contend that the number of valid signatures required for the designating petition should have been determined on the basis of the last official tabulation of party enrollments computed by the Suffolk County Board of Elections, rather than on the figures computed directly prior to the last general election in November, 1982. Subdivision 2 of section 6-136 of the Election Law requires that designating petitions be signed "by not less than five per centum, as determined by the preceding enrollment, of the then enrolled voters of the party". In our opinion, this language does not mandate that the requisite number of signatures be based on enrollments as of the last general election. At the hearing before the Supreme Court, a document indicating the minimum number of signatures required for the 1983 primary

and general elections, dated May 17, 1983 and compiled by the Suffolk County Board of Elections, was admitted into evidence. The document was signed by both deputy commissioners. The parties to the instant proceeding do not dispute the accuracy of the figures contained in this document, which indicates that 21 signatures are required to place a Right to Life candidate on the ballot for the Town of Islip, and we are bound thereby. Since the document itself is not in issue, and only its legal significance is challenged, the alleged lack of proof as to the actual number of enrollments in the Right to Life Party as of the date of this latest compilation is not significant. The 20 valid signatures contained in the designating petition at bar is short of the 21 signatures required. Accordingly, we find the petition invalid. Mollen, P. J., Gibbons, Brown and Rubin, JJ., concur.