■ In the Matter of JOEL GARSON et al., Respondents, v ADELE H. COHEN, Appellant, and BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent.—In a proceeding to invalidate a petition designating Adele H. Cohen as a candidate in the Democratic Party primary election to be held on September 12, 1989, for the public office of Member of the City Council for the 33rd Councilmanic District for the City of New York, the appeal is from (1) an order of the Supreme Court, Kings County (Held, J.), dated August 7, 1989, which granted the application, and (2) a judgment of the same court, dated August 14, 1989, entered upon the order.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the application is denied and the Board of Elections is directed to place the name of Adele H. Cohen on the appropriate ballot.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 550 [a] [1]).

Adele H. Cohen submitted a petition designating her as a candidate for the Democratic Party primary election for the public office of Member of the City Council for the 33rd Councilmanic District for the City of New York. The petition contained three volumes purporting to contain 4,358 signatures. The cover sheets of each volume stated that only 4,034 of those signatures were of voters within the district. In addition, each cover sheet stated the number of such signatures which were in the particular volume.

The Supreme Court held that the inclusion by Cohen of the out-of-district signatures and the failure to state exactly where in the volumes the out-of-district signatures could be located were sufficient to disqualify her. We disagree.

We find that there was no fraud or deception on the part of Cohen. While we disapprove of the inclusion of out-of-district signatures, which do not count toward designation, Cohen's cover sheet clearly stated that these signatures were in fact included. Cohen otherwise complied with the essential requirements of the Election Law and any error was inconsequential (see, Matter of Jonas v Black, 104 AD2d 466; cf., Matter of Pecoraro v Mahoney, 65 NY2d 1026; Matter of Catucci v Marchi, 143 AD2d 59, lv denied 72 NY2d 914).

We have considered the petitioners' other contentions and find them to be without merit. Kunzeman, J. P., Eiber, Spatt, Harwood and Balletta, JJ., concur.