OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, without costs, and the application to invalidate the designating petition of appellant Rafael Colon denied.
 

 In July 1989, Colon filed a designating petition seeking to be placed on the ballot in the New York City Democratic primary, for the office of Council Member in a district which contained portions of different assembly districts. Colon’s designating petition consisted of three volumes, each also containing signatures collected on behalf of other candidates, including candidates for county-wide office and candidates running solely within one of the assembly districts. Colon needed 1,500 signatures; he actually filed 6,940, and recorded that precise number on his cover sheet. On respondent’s challenge to the accuracy of the cover sheet, Supreme Court determined that 1,099 (or 15.8%) of the signatures were invalid, because the signatories were not residents of the council district, but the court sustained Colon’s petition on the ground that Election Law § 6-134 (9) was inapplicable and the 5,841 remaining valid
 
 *801
 
 signatures were far more than required. The Appellate Division reversed, holding the inclusion of 1,099 out-of-district signatures rendered Colon’s cover sheet defective, and relying on Election Law § 6-134 (9) as well as its own decision in
 
 Matter of Catucci v Marchi
 
 (143 AD2d 59,
 
 lv denied
 
 72 NY2d 914).
 

 A cover sheet must indicate "the total number of signatures contained in [the designating] petition.” (Election Law § 6-134 [2].) Here, the cover sheet undisputedly satisfied that requirement by correctly recording the total number of signatures actually contained in Colon’s petition. Election Law § 6-134 does not additionally require that a cover sheet separately identify or segregate the number of in- and out-of-district signatures, or the number of valid signatures. Nor can we agree with the Appellate Division that the present case is analogous to
 
 Matter of Hargett v Jefferson
 
 (63 NY2d 696), where the cover sheet vastly overstated the number of signatures actually contained in the petition. The Appellate Division’s reliance on
 
 Catucci (supra)
 
 and on Election Law § 6-134 (9) — which is addressed to misstated signature numbers on cover sheets — were therefore erroneous.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Alexander taking no part.
 

 Order reversed, etc.