(August 23, 1990)

■ In the Matter of BRIAN J. ANDREWS et al., Appellants, v BOARD OF ELECTIONS OF THE COUNTY OF ALBANY et al., Respondents.—Per Curiam. Appeal from an order of the Supreme Court (McDermott, J.), entered August 10, 1990 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to (1) declare valid the designating petition naming petitioner Gregory Bell as a candidate for the position of Member of the Albany County Democratic Committee in the September 11, 1990 primary election, and (2) declare invalid the designating petition naming respondents Robert Fitzmaurice, Jr. and Lena Pioggia as candidates for the position of Member of the Albany County Democratic Committee in said primary election.

In July 1990, designating petitions nominating petitioners (Brian J. Andrews and Gregory Bell) and respondents Robert Fitzmaurice, Jr. and Lena Pioggia (hereinafter respondents) as candidates for the party position of Member of the Albany County Democratic Committee in the Seventh Ward, Third Election District, were filed. Subsequently, specific objections regarding three of the four nominees were made. After a hearing, respondent Albany County Board of Elections removed Bell from the September 11, 1990 primary ballot because his designating petition failed to secure the requisite number of signatures. The Board denied objections by Andrews directed at the validity of respondents' joint petition. That petition contained adjacent printed columns, one captioned "Election District" and the other "Ward (if any)". In each column the election district and ward of the persons who signed the petition was recorded as "7" and "3", respectively,

when in fact the correct election district was "3" and the ward was "7". Petitioners timely commenced the instant proceeding requesting that the Board's determination be reversed; Supreme Court refused to validate Bell's designating petition or invalidate respondents' designating petition, prompting petitioners to appeal.

A "designating petition must correctly set forth each signer's election district and ward" *(Matter of Faulstitch v Kasper,* 122 AD2d 903; *see,* Election Law § 6-130 [1]; § 6-132). Transposing these numbers is a fatal defect which invalidates respondents' petition, for it is by now well established that the substantive requirements of the Election Law must be strictly observed *(Matter of Barrett v Scaringe,* 112 AD2d 1095, 1096, *affd* 65 NY2d 946; *Matter of Hunter v Compagni,* 74 AD2d 1000, 1001; *Matter of Klemann v Acito,* 64 AD2d 952, 953, *affd on opn below* 45 NY2d 796). The uninitialed, undated, unexplained, handwritten, two-pointed arrow above the column headings, apparently meant in this instance to invert the election district and ward column headings, does not cure this critical error *(see, Matter of Jones v Scaringe,* 143 AD2d 294, 295-296, *lv denied* 72 NY2d 805; *Matter of Berger v Acito,* 64 AD2d 949, 950, *lv denied* 45 NY2d 707). As the recorded election district and ward of each individual signer of respondents' designating petition is incorrect, the petition lacked sufficient number of signatures and is invalid *(see, Matter of Liepshutz v Palmateer,* 65 NY2d 965, 966-967). Supreme Court thus erred in refusing to invalidate respondents' petition.

Petitioners' request to have Bell's designating petition restored was properly denied. Such petitions "must be signed by *not less than* five per centum, as determined by *the preceding enrollment,* of the then enrolled voters of the party" (Election Law § 6-136 [2] [emphasis supplied]). It is irrelevant that many of those named in the enrollment list were actually ineligible to vote on June 4, 1990 when petitioning commenced, for neither statutory nor case law support petitioners' suggestion that the enrollment intended is the enrollment as it existed immediately preceding the petition period *(cf., Matter of Kent v Coveney,* 96 AD2d 919). As required, the Board published the enrollment list prior to April 1 (Election Law § 5-604 [1]); it was not obligated to supplement this list until August 27, the 15th day before the ensuing primary election (Election Law § 5-302 [5]).

The last official tabulation of party enrollments for 1989-1990 discloses that there were 62 registered Democrats in the Seventh Ward, Third Election District. Five percent of 62 is

3.1. Therefore, as Bell needed signatures from *not less than 5%* of these voters, the three signatures he did secure were insufficient to sustain his petition *(see, Matter of Muldoon,* 123 NYS2d 711, 713).

Order modified, on the law, without costs, by reversing so much thereof as denied that portion of the petition seeking to invalidate the petition designating respondents Robert Fitzmaurice, Jr. and Lena Pioggia as candidates for the position of Member of the Albany County Democratic Committee in the September 11, 1990 primary election; said designating petition declared invalid; and, as so modified, affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.