(March 13, 1991)

■ In the Matter of THOMAS F. LIOTTI et al., Respondents, v NASSAU COUNTY BOARD OF ELECTIONS et al., Respondents, and ANTHONY MASTROIANNI, Appellant.—In a proceeding pursuant to Election Law article 15, *inter alia,* to validate petitions nominating Thomas F. Liotti, Alphonse J. Campbell, Paul H. Echausse, and Bridget C. Zaino as candidates in the general village election of the Incorporated Village of Westbury to be held on March 19, 1991, for the public offices, respectively, of Village Justice, Village Trustee (two year term), Village Trustee (four year term), and Village Trustee (four year term), the appeal is from an order of the Supreme Court, Nassau County (Kohn, J.), dated March 6, 1991, which, *inter alia,* granted the petition and directed the Nassau County Board of Elections and the Village Clerk of the Incorporated Village of Westbury to place the names of the petitioners on the ballot.

Ordered that the order is affirmed, without costs or disbursements.

We agree with the Supreme Court that the appellant's failure to state that he is qualified to vote in the Incorporated Village of Westbury renders his objection to the nominating petition void since he failed to demonstrate his standing to object to the petition or to the cover sheet thereof. Election Law § 6-154 (2) requires that the objector must be a "voter registered to vote for such public office," that is, registered to vote in the Incorporated Village of Westbury *(see, e.g., Lucariello v Niebel,* 72 NY2d 927; *Matter of Collins v Marchi,* 72 NY2d 930; *cf., Matter of Brosnan v Black,* 104 AD2d 469, *affd* 63 NY2d 692). Thus, the appellant's statement that he is registered to vote in Nassau County, without more, is fatally defective. Moreover, despite having been repeatedly put on notice that his standing as an objector was in issue, the appellant has not affirmed that he is, in fact, registered to vote for public office in the general village election to be held on March 19, 1991, in Westbury.

Furthermore, the court correctly found that even if the appellant's objection were not void, the defect in the cover sheet, the only defect found in the petition, is inconsequential *(see, e.g., Matter of Love v Board of Elections,* 74 NY2d 799;

*Matter of Staber v Fidler,* 65 NY2d 529; *Matter of Maloney v Board of Elections,* 65 NY2d 964; *Matter of Franco v Velez,* 65 NY2d 967; *Matter of Pecoraro v Mahoney,* 65 NY2d 1026; *Matter of Jonas v Black,* 63 NY2d 685; *Matter of Garson v Cohen,* 153 AD2d 718; *Matter of Bachety v Canary,* 112 AD2d 1058).

We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Miller and O'Brien, JJ., concur.