■ In the Matter of ROGER L. GREEN, Respondent, v DAVID J. VOYTICKY, Appellant, and GEORGE SPANAKOS et al., Respondents.—In a proceeding to invalidate a petition designating David J. Voyticky as a candidate in a primary election to be held on September 15, 1992, for the nomination of the Republican Party as its candidate for the public office of Member of the Assembly from the 57th Assembly District, the appeal is from a judgment of the Supreme Court, Kings County (Garry, J.), dated August 12, 1992, which granted the application.

Ordered that the judgment is affirmed, without costs or disbursements.

Section 2 of chapter 135 of the Laws of 1992 requires that in 1992 a designating petition for a candidate for Member of the Assembly must be signed by not less than 2.5% of the then enrolled voters of the party residing within the assembly district. Based upon the number of enrolled voters in his assembly district, as determined by the Board of Elections of the City of New York, the appellant was required to obtain 54 signatures to place his name on the ballot. The Supreme Court found that only 48 of the signatures on the petition were valid, and directed that the appellant's name be removed from the ballot.

The appellant contends that the Board of Elections' determi-

nation as to the number of enrolled voters in the assembly district is not conclusive, and that he should have been permitted to present evidence to challenge the number of enrolled voters alleged to be in his assembly district by the Board of Elections, thereby decreasing the number of signatures that would be required to place his name on the ballot. However, the enrollment tabulation of voters in a given district has consistently been entrusted to the Board of Elections (see, *Matter of Andrews v Board of Elections,* 164 AD2d 960; *Matter of Kent v Coveney,* 96 AD2d 919; *Matter of Sullivan v Albany County Bd. of Elections,* 77 AD2d 959). Although we find no authority for the appellant's suggestion that he should have been permitted to present evidence to challenge the Board of Elections' determination of the number of voters enrolled in his assembly district, we do not reach this issue since the Supreme Court found that the appellant was not prepared to offer any proof at that time of the number of enrolled voters claimed to be in his assembly district. Harwood, J. P., Balletta, Eiber, O'Brien and Santucci, JJ., concur.