■ In the Matter of CHARLES E. HARGETT et al., Appellants, v ROGER L. GREEN et al., Respondents.—In a proceeding to invalidate a petition nominating Roger L. Green as a candidate of the Children First Party in the general election to be held on November 3, 1992, for the public office of Member of Assembly from the 57th Assembly District, the appeal is from a judgment of the Supreme Court, Kings County (Garry, J.), dated October 21, 1992, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

We reject the appellants' contention that the candidate was required to submit a nominating petition containing a minimum of 1,500 valid signatures. The appellants' argument is based on Election Law § 6-142 (2), which requires that an independent nominating petition for any political unit must be signed by voters numbering 5% of the "total number of votes cast for governor at the last gubernatorial election *in such unit*" (emphasis supplied). The appellants argue that because the 57th Assembly District was redrawn since the last gubernatorial election, calculation of the 5% of votes cast within the boundaries of the redrawn district is impossible, and thus, Election Law § 6-142 (2) (g) requires a minimum of 1,500 signatures. Election Law § 6-142 (2) (g) merely provides an upper limit of 1,500 signatures in assembly districts. It

does not purport to establish any minimum in the event of a change in boundaries of assembly districts. Moreover, since the tabulations of votes cast and signatures required in a given district has consistently been entrusted to the Board of Elections *(see, Matter of Green v Voyticky,* 185 AD2d 956; *Matter of Andrews v Board of Elections,* 164 AD2d 960; *Matter of Kent v Coveney,* 96 AD2d 919), we find no reason to disturb the Board's determination that only 746 signatures were required.

We also find that the appellants have not demonstrated conduct on the part of the candidate sufficient to rise to the level of fraud required to invalidate the petition despite the fact that there was a sufficient number of valid signatures *(see, Matter of Ruiz v McKenna,* 40 NY2d 815, 816; *cf., Matter of Bynoe v Board of Elections,* 164 AD2d 929). We further find that the petition was not so permeated with fraud so as to require its invalidation *(see, Matter of Ruiz v McKenna, supra; cf., Matter of Flower v D'Apice,* 104 AD2d 578).

We also reject the appellants' contention that the inclusion of signatures of residents of other assembly districts invalidates the candidate's petition. While we disapprove of the inclusion of out-of-district signatures, which do not count toward designation, given the recent change in boundaries of assembly districts, we find that there was no fraud or deception in the acquisition of those signatures. In addition, Election Law § 6-134 does not require that a petition's cover sheet separately identify or segregate the number of in-and out-of-district signatures, or the number of valid signatures *(see, Matter of Love v Board of Elections,* 74 NY2d 799). The candidate otherwise complied with the essential requirements of the Election Law and any error was apparently inadvertent and inconsequential *(see, Matter of Garson v Cohen,* 153 AD2d 718).

We further reject the appellants' contention that the uninitialled alteration in venue, from Kings to New York County, on the notary's acknowledgment of the candidate's certificate of acceptance mandates invalidation of the certificate. Duly qualified notaries are authorized and empowered to certify acknowledgments throughout the State; their powers are not limited to any particular county *(see,* Executive Law § 135). In addition, in exercising his or her powers, a notary must indicate the correct venue of his or her act *(see,* Executive Law § 137).

We have considered the appellants' remaining contentions

and find them to be without merit. Bracken, J. P., Harwood, O'Brien and Santucci, JJ., concur.