■ ROBERT F. MILLER et al., Appellants, v BANK OF NEW YORK (DELAWARE), Respondent. [650 NYS2d 737] —In an action to recover damages based on alleged violations of the Federal Truth in Lending Act and for related relief, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated October 20, 1993, which granted the branch of the defendant's motion which was to dismiss the action based on improper service of process.

Ordered that the order is affirmed, with costs.

The Supreme Court properly dismissed the action on the

ground that the summons and complaint had been served by a party, in violation of CPLR 2103 (a) (*see, Matter of Wein v Thomas,* 51 NY2d 862, *affg* 78 AD2d 611; *Matter of Professional Fire Fighters Assn., Local 274 [Bridgham—City of White Plains],* 187 AD2d 433; *Matter of Kedzielawa v Smolinski,* 133 AD2d 517; *Matter of Beverly E. v William H.,* 53 AD2d 891). Service had been made by Daniel L. Kurz, an attorney, who was the plaintiff *pro se* and the attorney for the other plaintiffs. The express provisions of CPLR 2103 (a) may not be ignored or overlooked any more than may the provisions of other statutes defining the methodology of service (*cf.,* CPLR 2001, 2004; *Matter of Schodack Concerned Citizens v Town Bd.,* 148 AD2d 130; *Stuart v Board of Directors,* 86 AD2d 721; *Matter of Sullivan v Albany County Bd. of Elections,* 77 AD2d 959; *Matter of Kandel v State Div. of Human Rights,* 70 AD2d 817).

We do not agree with our dissenting colleague that the defendant waived its objection based on CPLR 2103 (a). The letter referred to in the dissenting memorandum was issued by an employee of a different corporation, who had mistakenly held herself out as an agent of the defendant. Any "waiver" which might be imputed to the defendant based on this letter relates solely to the defendant's right to object to service based on this employee's lack of authority to accept service and not to the defendant's right to raise a defense based on the lack of authority of a party to make service (*see,* CPLR 2013 [a]). We also do not agree that the defendant conceded the validity of this "waiver". Bracken, J. P., Miller and Friedmann, JJ., concur.

Rosenblatt, J., dissents and votes to reverse the order appealed from, with the following memorandum: If this case involved no more than a question of service by an attorney who is a party to the action, I would vote to affirm the dismissal of the complaint under constraint of the cases relied upon by the majority (*but see, Matter of Schodack Concerned Citizens v Town Bd.,* 148 AD2d 130; *American Home Assur. Co. v Morris Indus. Bldrs.,* 176 AD2d 541). Here, however, the plaintiffs' attorney served an attorney of the Bank of New York. That attorney signed an acknowledgment of service which stated: "This will acknowledge my receipt this day of service of the following papers in the above captioned matter: Summons, Complaint. I am a person duly authorized by the Bank of New York (Delaware) to accept service of process on its behalf". That attorney, an officer of the court, later informed the plaintiffs' attorney by letter, as follows: "After I signed the acknowledgment of service and you left, I realized that I had

not noticed that defendant is The Bank of New York (Delaware) ("BNYD") not The Bank of New York. I am not an employee of BNYD * * * It was mere inadvertence that caused me to acknowledge service on June 2. Notwithstanding the forgoing, I have spoken with counsel of record for BNYD and I can advise you that BNYD will not raise defective service of process as a defense to this action".

Significantly, the defendant Bank of New York (Delaware) does not dispute the validity of the above waiver. I would conclude that under these circumstances the defendant is precluded from now attacking the validity of the service of process upon it.