■ In the Matter of PHILIP RUBIN et al., Respondents-Appellants, v JACQUE FRIEDMAN, Appellant-Respondent, et al., Respondent. [646 NYS2d 571] —In a proceeding to invalidate a petition designating Jacque Friedman as a candidate in a primary election to be held on September 10, 1996, for the Democratic Party position of Male Member of the Democratic State Committee in the 48th Assembly District, Jacque Friedman appeals from a judgment of the Supreme Court, Kings County (Levine, J.), dated August 8, 1996, which, after a nonjury trial, invalidated the designating petition on the basis of a defective cover sheet, and the petitioners cross-appeal from so much of the same judgment as purportedly denied their application to invalidate the designating petition on the ground of fraud.

Ordered that the petitioners' cross appeal is dismissed, without costs or disbursements, as the petitioners are not aggrieved by the portion of the judgment cross-appealed from (see, CPLR 5511); and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the Board of

Elections of the City of New York is directed to place the name of Jacque Friedman on the appropriate ballot.

The appellant, Jacque Friedman, contends that the Supreme Court improperly found the cover sheet to his designating petition fatally defective. We agree.

Election Law § 6-134 (2) provides that every cover sheet shall indicate "the total number of signatures contained in such [designating] petition". This statute does not additionally require that a cover sheet separately identify or segregate the number of in-district and out-of-district signatures, or the number of valid signatures (see, Matter of Love v Board of Elections, 74, NY2d 799; see also, Matter of Hargett v Green, 186 AD2d 803). Here, the applicable designating petition listed Friedman and Howard L. Lasher, running for Judge of the Surrogate's Court, as candidates for the Democratic Party. Under each candidate's name, the cover sheet stated that the total number of signatures in the volume was 1028. The cover sheet thus satisfied the requirement that it indicate the total number of signatures contained in the designating petition. Therefore, the Supreme Court improperly granted the petitioners' application to invalidate Friedman's petition.

Moreover, contrary to the petitioners' contention, upon a review of the record, we find that Friedman did not perpetrate any fraud so as to warrant invalidation of his designating petition. Santucci, J. P., Hart, Friedmann and McGinity, JJ., concur.