■ In the Matter of HENRY E. HORWITZ, Appellant, v WILLIAM EGAN et al., Respondents, and THOMAS KLUG, Respondent. [694 NYS2d 139] —In a proceeding pursuant to Election Law article 16 to invalidate a petition designating Thomas Klug as a candidate in the Democratic Party primary election to be held on September 14, 1999, for the public office of Council Member, City of Poughkeepsie, Eighth Ward, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), dated August 5, 1999, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the application is granted, and the Board of Elections of the County of Dutchess is directed to remove the name of Thomas Klug from the appropriate ballot.

The petitioner, a resident in Poughkeepsie's Eighth Ward, challenges the validity of a petition filed with the Board of Elections of the County of Dutchess designating Thomas Klug as a candidate of the Democratic Party in a primary election for the public office of Council Member, City of Poughkeepsie,

representing the Eighth Ward. The petitioner contends that the designating petition, which contained only 42 valid signatures, did not contain signatures from "not less than five per centum, as determined by the preceding enrollment, of the then enrolled voters" of the Democratic Party residing in the Eighth Ward (*see,* Election Law § 6-136 [2]).

It is undisputed that if any or all of the enrolled voter lists prepared by the Board of Elections of the County of Dutchess on April 1, 1999, May 3, 1999, and June 1, 1999, are used, Klug was required to obtain 43 signatures. However, if the enrolled voter list prepared on July 1, 1999, is used, Klug needed only 42 signatures. Since 43 signatures were required on the first date on which candidates for office, including Klug, were permitted to obtain signatures, in this case June 8, 1999, Klug's petition did not suddenly become sufficient by virtue of a fortuitous subsequent decline in enrolled Democratic party voters (*see, Matter of Kent v Coveney,* 96 AD2d 919). Indeed, to hold otherwise would require candidates to begin obtaining signatures on designating petitions without knowing how many signatures will be needed. Bracken, J. P., Florio, McGinity, Feuerstein and Schmidt, JJ., concur.