■ LOUISE RUFFIN, Respondent, v LION CORP., Doing Business as LION TOUR BUS COMPANY, et al., Appellants. [880 NYS2d 702]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings

County (Partnow, J.), dated January 25, 2008, which denied their motion pursuant to CPLR 5015 (a) (4) to vacate a default judgment dated April 8, 2005, as amended by order dated October 13, 2006, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint.

Ordered that the order is reversed, on the law, without cost or disbursements, and the defendant's motion to vacate the default judgment dated April 8, 2005, as amended by order dated October 13, 2006, and to dismiss the complaint is granted.

The plaintiff brought this action to recover damages for personal injuries she allegedly sustained in an automobile accident. The plaintiff does not contest that service of process was not properly made on the defendants pursuant to CPLR 313. Rather, the plaintiff submits that the defect in service, that the process server was not authorized to serve process, was a mere irregularity that could be overlooked, and not a jurisdictional defect. The plaintiff cites to *American Home Assur. Co. v Morris Indus. Bldrs.* (176 AD2d 541 [1991]) for this proposition.

CPLR 313 directs the method of service on nonresidents served outside of the state. Pursuant to CPLR 313, a party subject to the jurisdiction of the courts under CPLR 302 (long arm jurisdiction) may be served with process in the same manner as service is made within the state by (1) a New York State resident who is authorized to serve within the state; or (2) any person authorized to make service by the laws of the state in which service is to be made; or (3) a duly qualified attorney, barrister, or equivalent in the state where service is to be made. Under Pennsylvania law, pursuant to rule 400, except in certain situations not applicable here, process may be served only by the sheriff (*see* Pa Rules of Civ Pro rule 400).

In *American Home Assur. Co. v Morris Indus. Bldrs.* (176 AD2d 541 [1991]), the Appellate Division, First Department, held that service made by an individual not authorized to effect service under CPLR 313 is a mere irregularity that may be overlooked (*id.* at 544). The First Department explained that appellate courts in this State have found that service of legal papers by a party to an action is a mere irregularity and not a jurisdictional defect (citing *Matter of Schodack Concerned Citizens v Town Bd. of Town of Schodack,* 148 AD2d 130 [1989]; *Matter of Kandel v State Div. of Human Rights,* 70 AD2d 817 [1979]), and reasoned that the irregularity relative to the process server's residence is less significant than that of service by a party (*id.*). However, this Court has consistently held that service by a party is not a mere irregularity that can be overlooked (*see Miller v Bank of N.Y. [Del.],* 226 AD2d 507, 508 [1996]; *see*

*also Matter of MRC Receivables Corp. v Taylor,* 57 AD3d 1000 [2008]; *Matter of Sloan v Graham,* 10 AD3d 433, 434 [2004]; *Matter of Sloan v Knapp,* 10 AD3d 434, 435 [2004], *cert denied* 543 US 1190 [2005]). Further, statutes defining the methodology of service may not be overlooked or ignored (*see Miller v Bank of N.Y. [Del.],* 226 AD2d at 508). Since CPLR 313 defines a methodology of service, this statute cannot be ignored or overlooked.

"It is well settled that where service of process has been improperly effected, any resulting default judgment is a nullity. This is so even where the defendant had actual notice of the lawsuit, and no meritorious defense, for in such a case, the court never had personal jurisdiction over the defendant" (*De-Martino v Rivera,* 148 AD2d 568, 569 [1989]; *see Matter of H. v M.,* 47 AD3d 629, 630 [2008]; *Steele v Hempstead Pub Taxi,* 305 AD2d 401, 402 [2003]).

Accordingly, since jurisdiction was never acquired over the defendants, the defendants' motion to vacate the default judgment, as amended, and to dismiss the complaint, should have been granted.

The plaintiff's contention regarding the doctrine of equitable estoppel as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]), is without merit. Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.