■ LOUISE RUFFIN, Respondent, v LION CORP., Doing Business as LION TOUR BUS COMPANY, Also Known as LION TOUR & TRAVEL, INC., and Another, et al., Appellants. [918 NYS2d 582]—

The defendants moved to dismiss this action and to vacate the default judgment, as amended, pursuant to CPLR 5015 (a) (4) on the ground that the plaintiff never acquired jurisdiction over the defendant Lion Corp., doing business as Lion Tour Bus Company, also known as Lion Tour & Travel, Inc., also known as Lion Trailways (hereinafter Lion Corp.). The summons and complaint was served on Lion Corp. at its headquarters in Levittown, Pennsylvania, by personal service on its vice-president. Since the process server was not a New York State resident or a person authorized to effect service in Pennsylvania, however, the defendants contended that the plaintiff failed to comply with CPLR 313.

In an order dated January 25, 2008, the Supreme Court denied the motion to vacate the default judgment, as amended, finding that the violation of CPLR 313 was a mere irregularity that could be disregarded. This Court, concluding that jurisdiction was never acquired over Lion Corp. because service of process had been improperly effected and, thus, the resulting

default judgment, as amended, was a nullity, reversed the Supreme Court's order and granted the defendants' motion to vacate the default judgment and to dismiss the complaint (*see Ruffin v Lion Corp.*, 63 AD3d 814, 816 [2009]). The Court of Appeals reversed and remitted the matter to this Court for consideration of "such other issues as defendant may have raised upon its appeal" (*Ruffin v Lion Corp.*, 15 NY3d 578, 583 [2010]).

The only issue raised by the defendants, but not determined upon appeal to this Court, was whether the order dated October 13, 2006, improperly amended the default judgment to add additional names under which Lion Corp. does business, because there was no additional service of process made after the initial service of the summons and complaint upon Lion Corp. However, as this contention was never raised before the Supreme Court, it is improperly before this Court. Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.