| |
|---|
| **Dewald v Smith** |
| 2025 NY Slip Op 30663(U) |
| February 26, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160181/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. HASA A. KINGO**

*Justice*

-----------------------------------------------------------------------------------X

JEROME W DEWALD,

Plaintiff,

- v -

DANIELLE COLLIN SMITH, PHILIP L. MILSTEIN, NEW YORK CITY POLICE DEPARTMENT, THOMAS G. DONLON,

Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **PART** | **05M** |
| **INDEX NO.** | 160181/2024 |
| **MOTION DATE** | 01/05/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17 were read on this motion for _____PARTIAL SUMMARY JUDGMENT_____ .

Upon the foregoing documents, the unopposed motion for partial summary judgment filed by plaintiff Jerome W. Dewald ("Plaintiff") is denied, for the reasons set forth below.

## BACKGROUND

This action arises from Plaintiff's association with defendant Danielle Collin Smith ("Smith"). As alleged in the complaint, in or around March 2024, Plaintiff "hired Smith to perform wellness checks due to his documented medical conditions and act as a process server" (NYSCEF Doc No. 5, complaint ¶ 11).[1] As part of the purported employment agreement, Smith "received temporary living space but no key or independent access" in Plaintiff's residence located at 30 W. 63rd Street, 8V, New York, New York 10023 (the "apartment") (*id*. ¶ 13). Plaintiff alleges that, during her temporary stay at the apartment, Smith conspired with defendant Philip L. Milstein ("Milstein") to pressure Plaintiff in an ongoing litigation between he and Milstein and to force Plaintiff from the apartment (*id*. ¶ 12).[2]

Plaintiff contends that, on September 8, 2024, "after Smith demanded compensation for the plaintiff's use of space during her absence, the plaintiff terminated her employment and guest status" (*id*. ¶ 15). Smith reportedly stated at that time that she had "a direct line to [] Milstein" and threatened action through "Milford Housing" (*id*. ¶ 16). Sometime on the same date, Plaintiff and Smith purportedly had a confrontation which led to NYPD involvement and Plaintiff's arrest or

---

[1] The complaint and amended complaint in this action contain numerous vague and scattershot allegations. Relevant factually allegations are recited here as set forth in the complaint.

[2] Although Plaintiff's does not specifically identify the 2019 litigation, he appears to reference the New York County Supreme Court matter captioned *Jerome W. Dewald v. S&P Associates of New York, LLC, et al.*, Index No. 654981/2019.

**160181/2024   DEWALD, JEROME W vs. SMITH, DANIELLE COLLIN ET AL**                    **Page 1 of 5**
  **Motion No.  001**

1 of 5

detention (*id*. ¶¶ 17-19). Plaintiff contends that NYPD officers responded to the apartment a second time on September 17, 2024, in response to a false report filed by Smith (*id*. ¶ 20). Plaintiff asserts that the NYPD officers "demonstrated institutional bias against Plaintiff" during the interaction by stating, "You are illegally subletting because this is not a wall," "This is not a room, you created another bedroom. This is a living room," and "You're not allowed to create another room. That's something that the building they could sue you for and get you evicted" (*id*. ¶ 21).

Plaintiff further alleges that, on November 1, 2024, he recorded a video of Smith removing items from a ReFashioNYC donation bin, which led her to call 911 "claiming protection order violation" (*id*. ¶ 26).[3] NYPD officers responded to the call and ultimately arrested Plaintiff, purportedly detaining him for eight hours before releasing him without charges (*id*. ¶ 27). Plaintiff alleges that in the days following his arrest, NYPD officers "(a) Refused elder abuse complaints (b) Only accepted harassment report (c) Closed case without investigation (d) Rejected statutory violation evidence (e)," and his repeated elder abuse complaints "were met with (a) Sequential rejections across command levels (b) Coordinated resistance to enforcement (c) Creation of bureaucratic barriers (d) Department-wide minimization of abuse" (*id*. ¶¶ 29-30). Finally, Plaintiff alleges that "the prosecution's actions," presumably in connection with his arrest, including failure to meet court deadlines and attempts to "coerce a plea deal," constitute prosecutorial misconduct (*id*. ¶¶ 31-32).

On November 1, 2024, Plaintiff commenced this action by filing a summons and complaint, which interposed causes of action against Smith (NYSCEF Doc No. 1). An affidavit of service filed by Plaintiff on November 4, 2024 indicates that a process server delivered copies of the summons, complaint, and an annexed affidavit of Plaintiff to Smith by personal service on November 6, 2024 at 10:46 a.m. at 30 W. 63rd Street, 8V, New York, New York 10023 (NYSCEF Doc No. 4). On November 23, 2024, Plaintiff filed an amended complaint, which added defendants Philip Milstein, the New York City Police Department ("NYPD"), and Thomas G. Donlon ("Donlon"), in his official capacity as Interim Police Commissioner of the NYPD (NYSCEF Doc No. 5). A New York City Sheriff's Certificate of Service filed on December 9, 2024 indicates that a Notice of Appearance and Verified Answer were personally served upon Plaintiff on November 27, 2024 at approximately 12:47 p.m. (NYSCEF Doc No. 12). However, no answer was filed on NYSCEF. Aside from Plaintiff, no other parties have appeared in the action to date.

## DISCUSSION

A motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the Court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant's burden is "heavy," and "on a motion for summary

---

[3] ReFashioNYC is a "textile donation and recycling service available for NYC residential and commercial buildings, schools, and nonprofit institutions" (refashionNYC, https://www.nyc.gov/site/dsny/what-we-do/programs/refashionnyc.page [last accessed February 20, 2025). The service is provided by the New York City Department of Sanitation and available to apartment buildings with ten or more units, office buildings, commercial industries, and schools and nonprofit institutions.

**160181/2024   DEWALD, JEROME W vs. SMITH, DANIELLE COLLIN ET AL**
**Motion No.  001**

**Page 2 of 5**

[* 2]

judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [internal quotation marks and citation omitted]). Upon a proffer of evidence establishing a *prima facie* case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to require a trial of material questions of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010] [internal quotation marks and citation omitted]).

"Any party may move for summary judgment in any action, after issue has been joined" (CPLR §3212 [a]). The requirement that a motion for summary judgment may not be made before issue is joined must be "strictly adhered to" (*City of Rochester v Chiarella*, 65 NY2d 92, 101 [1985] [internal citations omitted]). Issue is joined when a defendant interposes an answer or separate counterclaim against the plaintiff (CPLR § 3011). Here, Plaintiff filed proof of service of the original summons and complaint upon Smith, and an affidavit of service filed to the docket indicates that an answer was served upon Plaintiff, but no answer was filed or otherwise provided to the court (NYSCEF Doc No. 12, affidavit). Subsequently, Plaintiff filed an amended complaint. When a complaint is amended as of right, the original complaint is superseded, and the amended complaint becomes the only complaint in the action (*Plaza PH2001 LLC v Plaza Residential Owner LP*, 98 AD3d 89, 99 [1st Dept 2012]). The action is then "required to proceed as though the original pleading had never been served" (*id.*).

Plaintiff has not provided any proof of service of the amended complaint on Smith or Milstein in support of the motion for summary judgment, nor has either defendant filed an answer to the amended complaint. Additionally, the affidavit ostensibly evidencing proof of service of the summons and amended complaint on the NYPD and Dolan is defective. The affidavit indicates that Plaintiff personally served copies of the summons and amended complaint on the NYPD and Dolan, in his official capacity as Interim Police Commissioner of the NYPD, by delivering and leaving copies of the documents with an authorized individual at the New York City Law Department's service window located at 100 Church Street, New York, New York (NYSCEF Doc No. 18, affidavit of service ¶ 3). However, service of process may not be made by a party to the action (CPLR §2103 [a]; *Matter of Wein v Thomas*, 51 NY2d 862, 863, *aff'd* 78 AD2d 611 [1980]; *Matter of Sloan v Knapp*, 10 AD3d 434, 434 [2d Dept 2004]). "The express provisions of CPLR § 2103(a) may not be ignored or overlooked any more than may the provisions of other statutes defining the methodology of service" (*Miller v Bank of New York (Delaware)*, 226 AD2d 507, 508 [2d Dept 1996]). A motion for summary judgment cannot be granted in the absence of proof of service of process of the amended complaint and where issue has not been joined (*see City of Rochester*, 65 NY2d at 101). Therefore, the motion must be denied on this basis alone.

In addition to these procedural and jurisdictional defects, Plaintiff has not, and cannot, demonstrate his entitlement to judgment as a matter of law. Plaintiff first moves for summary judgment on his eighth cause of action for conversion in connection with "Smith's admitted theft from the ReFashionNY donation bin" (NYSCEF Doc No. 13, notice of motion). "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession"

**160181/2024   DEWALD, JEROME W vs. SMITH, DANIELLE COLLIN ET AL**                 **Page 3 of 5**
**Motion No.  001**

3 of 5

[* 3]

(*Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [2006]). To state a cause of action for conversion, a plaintiff must demonstrate (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights (*id.*). The ReFashionNY donation bin in question is the property of the New York City Department of Sanitation (*see* fn 3 at 2, *supra*). As noted in Plaintiff's memorandum of law in support of the motion, "*charitable organizations* have a legally protected property interest in items donated for their benefit" (NYSCEF Doc No. 15, mem in support at 7 [emphasis added]). However, Plaintiff has neither pled nor can he demonstrate that *he* has any a possessory right or interest in the property, which is a required element of the cause of action. Therefore, as a matter of law, Plaintiff cannot meet his burden with respect to this cause of action.

Plaintiff next moves for summary judgment on his eighth cause of action for trespass based on Smith's "continued unauthorized occupancy after termination of permission" (NYSCEF Doc No. 13, notice of motion). "The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission, or a refusal to leave after permission has been granted but thereafter withdrawn" (*Huang v Fort Greene P'ship Homes Condo.*, 228 AD3d 912, 917 [2d Dept 2024]). Whether a trespass has occurred necessarily requires a fact-specific inquiry requiring evidentiary support. In support of the motion, Plaintiff submits his affidavit and three transcripts, purportedly transcripts of the events that occurred on September 8, 2024, September 17, 2024, and November 1, 2024 (NYSCEF Doc No. 6-8). Each transcript is accompanied by a "Certification of Transcript Accuracy" in which Plaintiff attests that he utilized a "Generative AI tool" to produce the transcript from an audio or audio/video recording of the events depicted, which he then reviewed, "corrected any discernible errors, omissions, or inaccuracies," and now attests is a true, accurate, and complete representation of the audio or audio/video recording (*id.*). Notably, each transcript appears to depict only a portion of the interaction between the parties on that date (*id.*). Taken together, these items are not sufficient to meet Plaintiff's burden of proof of a motion for summary judgment. At the outset, the transcripts are inadmissible in the form presented (*see* CPLR §3212 [b]; *Zuckerman*, 49 NY2d at 562 [evidence submitted in support of motion for summary judgment must be in admissible evidentiary form]). Failure to produce the audio or audio/video recordings without explanation violates the best evidence rule, and the purported self-certification of the transcripts is insufficient to authenticate the document and lay the necessary evidentiary foundation (*see* Guide to New York Evidence Rule 9.01, 9.14, 10.03). Standing alone, the self-serving affidavit of Plaintiff lacks the requisite detail to demonstrate Plaintiff's entitlement to judgment as a matter of law. Therefore, the motion is denied with respect to this claim.

Finally, Plaintiff moves for summary judgment on "the elements of false reporting within his First Cause of action for malicious prosecution regarding the November 1, 2024 incident" (NYSCEF Doc No. 13, notice of motion). To recover damages for malicious prosecution, a plaintiff must establish (1) that a criminal proceeding as initiated against them, (2) it termination favorably to plaintiff, (3) lacked probable cause, and (4) was brought out of actual malice (*Morant v City of New York*, 95 AD 3d 612 [1st Dept 2012], *quoting Colon v City of New York*, 60 NY2d 78,82 [1983]; *Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]). Where the cause of action is asserted against a civilian complainant, rather than the prosecuting authority, the plaintiff must demonstrate that the defendant "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (*Du Chateau v Metro-N. Commuter R. Co.*,

[* 4]

253 AD2d 128, 131 [1st Dept 1999]). Plaintiff specifically pleads that, after being arrested on November 1, 2024, he was later "[r]eleased without charges" (NYSCEF Doc No. 5, amended complaint ¶ 28). Therefore, the cause of action for malicious prosecution fails because a criminal proceeding was not initiated against him in connection with the November 1, 2024 arrest. As such, the motion is denied with respect to this claim.

Accordingly, it is

ORDERED that the motion for partial summary judgment is denied in its entirety.

This constitutes the order and decision of the court.

| | | | |
|---|---|---|---|
| **2/26/2025** | | | |
| **DATE** | | **HASA A. KINGO, J.S.C.** | |

| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**160181/2024   DEWALD, JEROME W vs. SMITH, DANIELLE COLLIN ET AL**
**Motion No.  001**                                                            **Page 5 of 5**

5 of 5